OPINION
{¶ 1} Plaintiff-appellant, Margaret E. Montgomery, appeals from the decision of the Mahoning County Court of Common Pleas, Juvenile Division overruling her objections to a magistrate's decision.
 {¶ 2} The present case concerns the custody of Sara Elizabeth Laughlin (Sara). Sara was born June 13, 1990 to defendants-appellees, Laurae Schriner (Laurae) and Patrick Mahon (Patrick). From the magistrate's findings of fact, we learn that Laurae and Patrick lived together when Sara was born. Laurae abused alcohol and when Sara was one-and-a-half years old, Laurae and Patrick separated. Patrick did not visit with Sara for approximately four years, from the time she was one-and-a-half to two years old until the after her sixth birthday. Since Laurae continued to abuse alcohol and did not adequately care for Sara, appellant, Sara's maternal grandmother, filed a complaint for custody of Sara on April 13, 1992.
 {¶ 3} The court granted appellant custody of Sara on July 2, 1992. Sara remained in appellant's custody until approximately nine years later when appellant filed a motion to restore Sara's custody to Laurae. The court awarded custody to Laurae on May 31, 2001. On August 31, 2001, appellant again filed a motion for custody alleging that Sara was dependent and neglected. Patrick then filed a competing motion for custody on September 20, 2001. The court granted appellant interim custody of Sara pending the resolution of the case and appointed Elliot Legow as Sara's guardian ad litem (G.A.L.).
 {¶ 4} The case proceeded to a hearing before a magistrate. The magistrate interviewed Sara, listened to testimony and read the report of the G.A.L. The magistrate concluded that he must apply the "suitability" test to the case, found Patrick to be a suitable parent, and ordered that Patrick be granted custody of Sara at the completion of the 2001-2002 school year. The magistrate's decision provided that if the parties did not file a motion to set aside the decision within 14 days, the magistrate's decision would become the final order of the court. The magistrate's decision was filed on January 30, 2002.
 {¶ 5} The G.A.L. filed objections to the magistrate's decision, which the court overruled stating that the G.A.L. did not properly file the objections pursuant to Civ.R. 53. Appellant then filed objections to the magistrate's decision on February 11, 2002 and the court once again overruled the objections stating that the objections did not comply with Civ.R. 53. Thus, per the terms of the magistrate's decision, the decision became the final order of the court.
 {¶ 6} Appellant filed her timely notice of appeal on March 14, 2002.
 {¶ 7} At the outset, we should note that appellees have failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 8} Appellant raises one assignment of error, which states:
 {¶ 9} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING APPELLANT'S OBJECTIONS ON THE BASIS THAT THOSE OBJECTIONS WERE NOT PROPERLY FILED PURSUANT TO OHIO CIVIL RULE 53."
 {¶ 10} Appellant argues the juvenile court erred in holding that her objections did not comply with Civ.R. 53 and thus overruling the objections. She states that her objections were timely filed. Appellant contends that her objections were specific and stated with particularity the grounds on which she objected. She points out that she attached a copy of the magistrate's decision for the court's reference. Appellant notes that although she did not file a transcript with her objections, she attached her affidavit in support of the objections and stated she would have the transcript available to the court and opposing counsel before the matter was set for hearing.
 {¶ 11} Trial courts have broad discretion in determining whether to overrule an objection to a magistrate's decision. Capital EquipmentEnterprises, Inc. v. Wilson Concepts, Inc. (1984), 19 Ohio App.3d 233,233. We will not reverse the trial court absent an abuse of that discretion. Booth v. Booth (1989), 44 Ohio St.3d 142. Abuse of discretion connotes more than an error in judgment, but implies that the court acted in a manner that was unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} A trial court's failure to comply with Civ.R. 53 constitutes grounds for reversal only if the appellant shows that the alleged error has merit and the error worked to the prejudice of the appellant. In re Estate of Hughes (1994), 94 Ohio App.3d 551, 554, citingErb v. Erb (1989), 65 Ohio App.3d 507.
 {¶ 13} The juvenile court did not specify in its judgment entry why appellant's objections did not comply with Civ.R. 53. Thus, we must examine appellant's objections in light of the pertinent language of Civ.R. 53 and determine whether the objections conform with the rule. Civ.R. 53(E) provides in pertinent part:
 {¶ 14} "(3) Objections
 {¶ 15} "(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ.R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 {¶ 16} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 17} The first requirement set out in Civ.R. 53(E)(3) is that a party must file its objections within 14 days of the filing of the magistrate's decision. Civ.R. 53(E)(3)(a). In the present case, the magistrate filed his decision on January 30, 2002. Appellant filed her objections on February 11, 2002, thus complying with the time requirement.
 {¶ 18} The next Civ.R. 53(E)(3) requirement provides that the objections must be specific and state with particularity the grounds of objection. Civ.R. 53(E)(3)(b). Appellant also complied with this prerequisite. Each objection specifically referenced a finding of fact or conclusion of law. Appellant made her objections to particular findings of fact based on alleged inconsistencies between the evidence and the magistrate's findings. Appellant also objected to several conclusions of law, which she specifically identified. She then asserted that the magistrate improperly applied the law to the facts of the present case. She maintained that the magistrate failed to determine the issue of Patrick's suitability, i.e., if Patrick met any of the conditions for unsuitability. Appellant stated that the magistrate failed to address the G.A.L.'s finding that Patrick abandoned Sara, which is one of the ways the court may find a parent to be unsuitable. Additionally, appellant stated that if the magistrate considered Sara's best interests, he would have addressed the issue of visitation for appellant since she was Sara's primary parental figure for over 11 years.
 {¶ 19} Thus, appellant stated her objections with specificity and particularity in accordance with Civ.R. 53(E)(3)(b).
 {¶ 20} The third requirement of Civ.R. 53(E)(3) is that if the parties stipulated in writing that the magistrate's findings of fact were to be final, the parties can object only to errors of law in the magistrate's decision. Civ.R. 53(E)(3)(b). In this case, there is no evidence on the record that the parties stipulated in writing that the magistrate's findings of fact would be final. Accordingly, this requirement is not relevant.
 {¶ 21} The final requirement, and the one that appears to raise an issue in this case, is that objections to findings of fact are to be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. Civ.R. 53(E)(3)(b). In the case sub judice, appellant did not file a transcript with her objections. Instead, she filed her affidavit. In her objections, appellant stated that due to time constraints for the filing of the objections, she did not attach a copy of the transcript. However, she stated that she would arrange to have the transcript available to the court and opposing counsel before the date the matter was set for hearing. Appellant further explained that she attached a copy of her affidavit in support of her objections and asked the court to also review the G.A.L.'s report already on file. In her affidavit, appellant reaffirmed her objections, referred to the evidence and stated that due to time constraints she filed her affidavit and would order the transcript for the court.
 {¶ 22} Based on these facts, the trial court abused its discretion in overruling appellant's objections for not complying with Civ.R. 53. In a similar case, the Third Appellate District held that, "[i]n the absence of a deadline, a hearing date, or at least an articulation of a reasonable time to allow such a lengthy transcript to be prepared" the trial court abused its discretion to summarily overrule the appellant's objections. Shull v. Shull (1999), 135 Ohio App.3d 708, 711. In Shull, the appellant filed objections to the magistrate's decision on a custody issue. At the same time, the appellant requested a transcript of the proceedings and asked the court for additional time to elaborate on the objections once the transcript was filed. The trial court summarily overruled the objections stating that the appellant failed to comply with Civ.R. 53(E)(3)(b). The appellate court pointed out that the transcript was lengthy and that the trial court overruled the objections only 29 days after the appellant filed them. Id. The court pointed out although Civ.R. 53(E)(3)(b) provides that an objecting party must file a transcript of relevant evidence, it does not provide a time within which the party must filed the transcript. Id. at 710. The court also cited as support the fundamental policy of judicial review that cases should be decided on their merits. Id. at 711.
 {¶ 23} Following the reasoning of Shull, we conclude that the trial court abused its discretion by summarily overruling appellant's objections to the magistrate's decision. The court overruled appellant's objections on February 13, 2002, just two days after she filed the objections. The court did not provide appellant with the opportunity to comply with Civ.R. 53(E)(3)(b). There is no indication on how lengthy the transcript is; however, seven witnesses testified in addition to the in-camera interview with Sara. (Findings of Fact #8 and #9). Therefore, it seems reasonable that the transcript may be somewhat lengthy and would require more than fourteen days to have transcribed.
 {¶ 24} Thus, appellant's assignment of error has merit.
 {¶ 25} For the reasons stated above, the decision of the trial court is hereby reversed and remanded for further proceedings according to law and consistent with this opinion.
Vukovich, J., concurs.
DeGenaro, J., concurs.