OPINION
{¶ 1} Defendant-appellant Richard H. McKee appeals from the July 26, 2005, Judgment Entry of the Coshocton County Court of Common Pleas adopting the Magistrate's Decision.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Richard McKee and appellee Pam McKee were divorced and appellant was designated the primary residential parent of the parties' minor children. On November 17, 2003, appellee Pam McKee filed a motion for reallocation of parental rights and responsibilities. Appellee specifically sought an order from the trial court reallocating the parental rights and responsibilities of the parties' two minor children from appellant to appellee.
 {¶ 3} A hearing before a Magistrate was held on February 24, 2005. Pursuant to a Magistrate's Decision filed on May 2, 2005, the Magistrate recommended that appellee's motion be granted with respect to the parties' minor daughter. The Magistrate further recommended that appellant be ordered to pay child support in the amount of $368.70 a month, plus poundage, for the parties' minor daughter effective December 1, 2004. A Nunc Pro Tunc Magistrate's Decision was filed on May 9, 2005, correcting the effective date of child support to December 1, 2003.
 {¶ 4} On May 20, 2005, appellant filed objections to the Magistrate's May 9, 2005, Decision, challenging, among other matters, the amount of child support. Appellant, in his objections, moved the trial court "to supplement his objections once a Transcript of the February 24, 2005, hearing is obtained." No transcript was ever requested or filed.
 {¶ 5} Thereafter, pursuant to a Judgment Entry filed on July 26, 2005, the trial court adopted the Magistrate's Decision. The trial court, in its July 26, 2005, Judgment Entry, stated, in relevant part, as follows:
 {¶ 6} "On May 20, 2005, the Defendant/Father, Richard H. McKee, filed a document captioned `Defendant's Objections to the Magistrate's May 9, 2005, Decision.' In that document, counsel for Father asked the court's permission `. . . to supplement his objections once a Transcript of the February 24, 2005, hearing is obtained. . . .' It should be noted that, despite this request, counsel for Father did not order or provide to the court a transcript of the Magistrate's hearing nor did Father supplement his objections."
 {¶ 7} Appellant now raises the following assignment of error on appeal:
 {¶ 8} "IN THE ABSENCE OF A DEADLINE, A HEARING DATE, OR AT LEAST AN ARTICULATION OF A REASONABLE TIME TO ALLOW A LENGTHY TRANSCRIPT TO BE PREPARED IT WAS AN ABUSE OF DISCRETION FOR THE COURT TO SUMMARILY OVERRULE APPELLANT'S TIMELY OBJECTIONS WHEN APPELLANT WAS ARGUING THAT THE MAGISTRATE'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 10} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 11} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 12} Appellant, in his sole assignment of error, argues that it was an abuse of discretion for the trial court to summarily overrule appellant's objections to the Magistrate's Decision without a transcript and without setting a reasonable time by which a transcript should have been prepared, when appellant was arguing that such decision was against the manifest weight of the evidence. We disagree.
 {¶ 13} Civ.R. 53(E)(3) states as follows: b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. (c) Objections to magistrate's findings of fact. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. (d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 14} This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. Doane v. Doane (May 2, 2001), Guernsey App. No. 00CA21, 2001 WL 474267 and Gordon v. Gordon,
Knox App. No. 01-CA-26, 2002-Ohio-2888.
 {¶ 15} Appellant, in the case sub judice, failed to file a transcript of the final hearing before the Magistrate for the trial court to review when ruling on appellant's objections. Appellant also failed to timely request preparation of a transcript.
 {¶ 16} Appellant cites Shull v. Shull, 135 Ohio App.3d 708,1999-Ohio-950, 735 N.E.2d 496 in his brief. We find that such case is distinguishable. In Shull, the appellant timely filed an objection to the magistrate's decision and, at the same time, requested preparation of a transcript. However, the trial court overruled appellant's objections only 29 days after they were filed and gave the appellant's failure to comply with Civ. R. 53(E) as its reason for doing so.
 {¶ 17} The appellant then appealed. In reversing the judgment of the trial court, the court of appeals stated as follows: "In the absence of a deadline, a hearing date, or at least an articulation of a reasonable time to allow such a lengthy transcript to be prepared, we find that it was an abuse of discretion for the trial court to summarily overrule appellant's objections. Id. at 711.
 {¶ 18} In contrast, in the case sub judice, appellant never requested preparation of the transcript, but rather requested permission to supplement his objections after the transcript was filed. A request for permission to supplement is not the same as a request for preparation of a transcript.
 {¶ 19} In the case of In the Matter of: Shawna Wheeler,
Muskingum App. No. CT 2004-0037, 2005-Ohio-220, also cited by appellant, the appellant filed a written request for a transcript at State expense six days after the magistrate filed his May 13, 2004, decision.
 {¶ 20} Eight days later, on May 27, 2004, the appellant filed objections to the Magistrate's Decision without a transcript. On July 13, 2004, the trial court rejected the objections. After the appellant appealed, this court reversed, holding that the trial court erred in overruling the appellant's objections without first reviewing the transcript. However, unlike in the Wheeler
case, no request for a transcript was ever filed in the case sub judice.
 {¶ 21} Accordingly, for the foregoing reasons, we find that the trial court did not err in summarily overruling appellant's objections to the Magistrate's Decision. The cases cited by the appellant are distinguishable from the case sub judice. The appellant had the duty to request, within a reasonable time from the filing of his objections, that a transcript of the proceedings before the magistrate be prepared. The appellant did not act in accordance with that duty. The trial court waited over two months before ruling on the objections and no transcript had yet been requested by the appellant.
 {¶ 22} The judgment of the Coshocton County Court of Common Pleas is, therefore, affirmed.
Edwards, J., Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs assessed to appellant.