OPINION
{¶ 1} Plaintiff-appellant Guy Blaser appeals the July 13, 2006, judgment of the trial court which overruled appellant's objections to the June 29, 2006, magistrate's decision, approved the magistrate's decision in its totality and granted judgment to the defendant-appellee on plaintiff-appellant's complaint.[1]
 STATEMENT OF FACTS AND LAW {¶ 2} In November of 2002, appellee advertised a residence she owned for lease. Appellant contacted appellee and the two began negotiating a lease agreement. A lease agreement was executed on December 24, 2002. Shortly after the execution of the lease agreement, appellant drafted two addenda to the lease. These two addenda were similar and dealt with an option to purchase the property. Although both addenda were signed by the parties, neither was dated. Appellant thereafter moved into the property.
 {¶ 3} In September of 2005, appellant attempted to exercise his
option to purchase the property. Appellee refused to sell appellant the property, and on March 17, 2006, appellant filed a complaint for breach of contract/option to purchase in lease agreement.
 {¶ 4} The matter was tried before a magistrate on June 26, 2006.
The magistrate's decision, findings of fact and conclusions of law was filed on June 29, 2006. The appellant filed objections to the magistrate's decision on July 11, 2006. The appellant did not file a request that a transcript of the trial before the magistrate be prepared. He did not submit an affidavit regarding the evidence upon which he based his objections, nor did he seek leave to *Page 3 
supplement his objections with a transcript at a later date. The trial court issued a judgment entry on July 13, 2006, in which it approved the magistrate's decision in its totality and granted judgment accordingly. The appellant appeals, setting forth the following assignments of error:
 {¶ 5} "I. THE MAGISTRATES [SIC] FINDING OF FACT AND CONCLUSION OF LAW WHICH WAS AFFIRMED BY THE TRIAL JUDGE THAT THE ADDENDA WERE NOT SUPPORTED BY NEW CONSIDERATION AND THEREFORE FAIL IS NOT SUPPORTED BY THE EVIDENCE AND IS CONTRARY TO LAW.
 {¶ 6} "II. THE MAGISTRATES [SIC] FINDING OF FACT AND CONCLUSION OF LAW WHICH WAS AFFIRMED BY THE TRIAL JUDGE THAT THE ADDENDUM [SIC] ARE AMBIGUOUS AND SHOULD BE CONSTRUED AGAINST THE DRAFTER IS NOT SUPPORTED BY THE EVIDENCE AND IS CONTRARY TO LAW AND DOES NOT ADDRESS THE ISSUE OF THE INTENT OF THE PARTIES.
 {¶ 7} "III. THE MAGISTRATE'S FINDING OF FACT AND CONCLUSION OF LAW THAT "UNDER BOTH THE COURT'S FIRST AND SECOND FINDINGS AND THE ORIGINAL LEASE AGREEMENT ARTICLE IX, OPTION TO PURCHASE, THE TIME FOR EXERCISING THE OPTION HAD EXPIRED PRIOR TO THE PLAINTIFF'S ATTEMPT TO EXERCISE THE OPTION" IS AGAINST THE WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW." *Page 4 
 I, II {¶ 8} Because appellant's assignments of error numbers one and two both challenge the trial court's adoption of the magistrate's findings of fact and conclusions of law regarding the addenda to the contract, we will address said assignments of error together. In his first assignment of error, appellant argues that the trial court's finding, that the addenda were not supported by new consideration, was not supported by the evidence and is contrary to law. In his second assignment of error, appellant argues that the trial court's finding, that the addenda were ambiguous and should therefore be construed against appellant as drafter, is not supported by the evidence and is contrary to law. We disagree.
 {¶ 9} Civ. R. 53(D) provides for proceedings in matters referred to magistrates, and states in pertinent part:
" * * *
"(3) Magistrate's decision; objections to magistrate's decision.
" * * *
"(b) Objections to magistrate's decision.
 "(i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes *Page 5 
findings of fact and conclusions of law.
"(ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection. 
"(iii) Objection to magistrate's factual finding; transcript oraffidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidencesubmitted to the magistrate relevant to that finding or an affidavit ofthat evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections priorto the date on which a transcript is prepared, the party may seek leaveof court to supplement the objections. . . ."[2] (Underlining added.)
 {¶ 10} The appellant's July 11, 2006, objections to magistrate's decision were as follows:
 {¶ 11} "1. The decision of the Magistrate is against the manifest weight of the evidence.
 {¶ 12} "2. The decision of the Magistrate is inconsistent with the evidence, is arbitrary and capricious, and constitutes an abuse of discretion. *Page 6 
 {¶ 13} "3. The Magistrate's finding that the addenda are not supported by new consideration and therefore fail is not supported by the evidence, is against the manifest weight of the evidence and is contrary to law since the addenda are supported by consideration and are part of the contract documents.
 {¶ 14} "4. The Magistrate's finding that neither addendum was attached or integrated in the original lease agreement is not supported by the evidence, is against the manifest weight of the evidence, and is contrary to law since the addenda refer to and are part and parcel to the original lease agreement, operate to clarify said original lease agreement, and were a product of the negotiations of the parties in creating the agreement.
 {¶ 15} "5. The Magistrate's finding that the addenda are ambiguous and should be construed against the drafter is not dispositive of the issues in the case, violates the plain meaning of the documents, specifically violates the plain meaning of the documents relating to the exercise of the option to purchase, is not supported by the evidence, and is contrary to law.
 {¶ 16} "6. The Magistrate's finding of fact and conclusion of law that `under both the Court's first and second findings and the original lease agreement Article IX, Option to Purchase, the time for exercising the option had expired prior to the Plaintiff's attempt to exercise the option' violates the plain meaning of the documents, is not supported by the evidence and is contrary to law, is arbitrary and capricious and constitutes an abuse of discretion.
 {¶ 17} "7. The Magistrate's finding that Plaintiff made the handwritten alterations to the document is contrary to the evidence since the changes were *Page 7 
initialed by the parties and adopted by the parties and therefore said finding is not supported by the evidence, is against the manifest weight of the evidence, and is contrary to law.
 {¶ 18} "8. The Magistrate's reference to the addenda as `purported addendum' is not supported by the evidence, is against the manifest weight of the evidence and is contrary to law since the addenda constitute an integral part of the agreement of the parties.
 {¶ 19} "9. The Magistrate's finding that Blaser created the addenda is not supported by the evidence and is against the manifest weight of the evidence and is contrary to law, since the addenda were part of the overall agreement of the parties, were created on the floppy disk of the defendant, related to the original document created by Defendant, and were the product of the negotiations between the parties.
 {¶ 20} "10. The Magistrate's findings of fact and conclusions of law in total are inadequate and insufficient to properly dispose of the issues in the case.
 {¶ 21} "11. The Magistrate's decision in general is against the manifest weight of the evidence, is contrary to law, is arbitrary and capricious, and constitutes an abuse of discretion and should be set aside."
 {¶ 22} The appellant's objections to the magistrate's decision focused on the evidence presented to the magistrate at the June 26, 2006, trial. However, the appellant failed to provide a transcript of the original hearing before the magistrate to the trial court for review. Further, the appellant did not attach *Page 8 
an affidavit regarding the evidence to his objections. Finally, the appellant did not file a request that the proceedings before the magistrate be transcribed, nor did the appellant seek leave of court to supplement his objections upon completion of the transcript.
 {¶ 23} Appellant has submitted a transcript of the evidentiary held before the magistrate to us for our review. We find that we are precluded from reviewing this transcript. We are also precluded from reviewing any exhibits which were accepted into evidence because only the transcript would indicate which exhibits were accepted into evidence. In State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254, the Ohio Supreme Court said, "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. [Citations omitted]."[3]
 {¶ 24} This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal.Doane v. Doane (May 2, 2001), Guernsey App. No. 00CA21, 2001 WL 474267;Gordon v. Gordon, Knox App. No. 01-CA-26, 2002-Ohio-2888; and, McKee v.McKee, Coshocton App. No. 05-CA-14, 2006-Ohio-630. *Page 9 
 {¶ 25} Appellant argues, that pursuant to the version of Civ. R. 53 which went into effect on July 1, 2006, he had thirty days from the filing of his objection to file a transcript of the proceedings before the Magistrate with the trial court. Appellant further argues that because the trial court ruled on the objections within two days of the filing of the objections, appellant had no opportunity to file a transcript. Therefore, appellant concludes, we should consider the transcript now.
 {¶ 26} We find that we do not reach the issue of whether or not we agree with appellant's interpretation of the July 1, 2006, version of Civ. R. 53. Appellant raised this argument in his reply brief. Appellant did not assign as error in his original brief that the trial court erred by not allowing appellant thirty days from the filing of his objection to submit the transcript of the magistrate's hearing to the trial court. Therefore, that issue is not properly before us.
 {¶ 27} Accordingly, for the foregoing reasons, we find that the trial court did not err in summarily overruling appellant's objections to the magistrate's decision. The appellant did not request at the time he filed his objection that a transcript of the proceedings before the magistrate be prepared. He did not seek leave of court to supplement his objections when the transcript became available. The trial court did not err in adopting the Magistrate's Decision and appellant's assignments of error numbers one and two are overruled. *Page 10 
 III {¶ 28} In his third assignment of error, the appellant argues that the magistrate's finding of fact and conclusion of law, which stated that "under both the court's first and second findings and the original lease agreement article IX, option to purchase, the time for exercising the option had expired prior to the plaintiff's attempt to exercise the option," is against the weight of the evidence and is contrary to law. We disagree.
 {¶ 29} As set forth above, the findings of fact and conclusions of law as determined by the magistrate are the only facts that are relevant to our review because the appellant failed to file a transcript of the proceedings with the trial court. Therefore, we are precluded from reviewing the transcript. See, Duncan, supra. The magistrate found that the addenda were not supported by sufficient consideration, were ambiguous and were to be construed strictly against appellant as drafter of the addenda. Therefore, any option to purchase pursuant to the addenda was either non-existent or expired. The magistrate further found that under Article IX Option to Purchase of the lease agreement, the time for exercising the option had expired prior to appellant's attempt to exercise the option. Without a transcript or exhibits we must presume that the evidence supported the magistrate's findings and, therefore, the trial court did not err in adopting the Magistrate's Decision. The third assignment of error is overruled. *Page 11 
 {¶ 30} Based upon the foregoing, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The entry also granted judgment to the plaintiff-appellant on defendant's counter-claim.
[2] Civ. R. 53 was amended, effective July 1, 2006. Appellant's objections to the magistrate's decision were filed on July 11, 2006, and the trial court's judgment entry adopting the magistrate's decision was filed on July 13, 2006. The prior version of Civ. R. 53(E)(3)(c) states as follows: "Objections to magistrate's findings of fact . . . Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The prior version of Civ. R. 53 does not include language requiring the objecting party to file the transcript or affidavit within thirty days of the filing of the objection. Our decision in the case sub judice would be the same under either version of Civ. R. 53, as will be explained later in this decision.
[3] The term "referee" has been replaced by the term "magistrate." *Page 1