[Cite as *State v. Heard*, 2014-Ohio-371.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JOHN R. HEARD

    Appellant

C.A. No.     26965

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 04 01 0093 (A)

DECISION AND JOURNAL ENTRY

Dated: February 5, 2014

HENSAL, Judge.

{¶1} John Heard appeals an order of the Summit County Court of Common Pleas that denied his motion to withdraw his guilty plea. For the following reasons, this Court affirms.

I.

{¶2} In 2004, Mr. Heard pleaded guilty to one count of rape, two counts of felonious assault, and nine counts of endangering children, and the trial court sentenced him to life imprisonment with parole eligibility after ten years. Mr. Heard appealed his sentence, but this Court upheld it. In May 2013, Mr. Heard moved to withdraw his plea, arguing that his lawyer had been ineffective for not properly investigating the charges and for forcing him to plead guilty. He also argued that the prosecution wrongfully withheld exculpatory evidence. After the State opposed the motion, the trial court denied it, noting that Mr. Heard had not presented any evidence in support of his allegations. Mr. Heard has appealed, assigning as error that the trial court incorrectly denied his motion to withdraw his plea.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRORNEOUSLY DENIED DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT A HEARING [ON] DETERMINING FACTOR OF TRUTH OR INNOCENCE WHEN HIS GUILTY PLEA WAS INDUCE[D] BY INEFFECTIVE ASSISTANCE OF COUNSEL AND PROSECUTOR MISCONDUCT THEREBY DENYING APPELLANT['S] RIGHT TO DUE PROCESS AND TRIAL BY JURY UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶3} Mr. Heard argues that, before he entered his guilty plea, he did not know that the victim's medical records indicated that the victim's injuries were consistent with an accidental fall. He also argues that the prosecution failed to disclose that a witness had told an investigator that the victim's injuries were from a fall. He, therefore, contends that his trial lawyer was ineffective for not properly investigating the charges against him and that the prosecution engaged in misconduct by not disclosing its investigator's records.

{¶4} Criminal Rule 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Mr. Heard acknowledges that, because he filed his motion after sentencing, he must demonstrate manifest injustice. "Manifest injustice" is a "clear or openly unjust act" that is a "miscarriage of justice or is inconsistent with the demands of due process." *State v. Ford*, 9th Dist. Summit No. 26260, 2012-Ohio-4028, ¶ 5, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998).

{¶5} It is within the trial court's sound discretion whether to grant a motion to withdraw a plea. *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). "An appellate court reviews a

trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶6} Although Mr. Heard alleged in his motion to withdraw his plea that he had uncovered exculpatory evidence, he did not present any evidence to the trial court. This Court has explained that, "[i]f a movant fails to submit evidentiary documents sufficient to demonstrate manifest injustice he is not entitled to withdraw his guilty plea." *State v. Buckwald*, 9th Dist. Lorain No. 09CA009695, 2010-Ohio-3543, ¶ 7, quoting *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 12. In his reply brief, Mr. Heard asserts that he attached the evidence to his motion as exhibits. There are no such documents, however, in the trial court record. We also note that Mr. Heard did not refer to any exhibits in his motion. While Mr. Heard has attached several documents to his appellate brief and reply brief, this Court may not consider evidence that was not presented to the trial court. *State v. Ishmail*, 54 Ohio St.2d 402, 406 (1978) (explaining that a reviewing court is "limited to what transpired in the trial court as reflected by the record made of the proceedings."). Accordingly, in light of the fact that Mr. Heard did not present any evidence to the trial court to support of his allegations of ineffective assistance of counsel and prosecutorial misconduct, we conclude that the court did not abuse its discretion when it denied his motion to withdraw his plea. Mr. Heard's assignment of error is overruled.

III.

**{¶7}** The trial court did not abuse its discretion when it denied Mr. Heard's motion to withdraw his plea. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JOHN R. HEARD, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.