[Cite as *Parker v. Parker*, 2014-Ohio-5516.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHERILYN BRANDEE PARKER, | : | APPEAL NO. C-130658 |
| | | TRIAL NO. DV1300326 |
| Petitioner-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| DARRICK PARKER, | : | |
| | | |
| Respondent-Appellee. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 17, 2014

*Kenyatta Mickles,* for Petitioner-Appellant,

*Darrick Parker*, pro se.

Please note: this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}   Petitioner-appellant Cherilyn Brandee Parker appeals the Hamilton County Court of Common Pleas, Domestic Relations Division's adoption of a magistrate's order limiting the duration of the civil protection order issued against her husband, respondent-appellee Darrick Parker.  Brandee had requested a five-year protection order, but the court limited the order to a one-year period because Brandee had instituted divorce proceedings.  Because the institution of divorce proceedings does not automatically limit the duration of a civil protection order, we reverse.

{¶2}   Brandee and Darrick married in 1996.  The couple had four children.  In 2013, Darrick attacked Brandee, striking her in the face and eye.  He then hit her with a vacuum cleaner three or four times.  Darrick was arrested and charged with criminal domestic violence.  The charge was ultimately dismissed at Brandee's request.  Following this attack, the parties separated.  Two months later, Darrick entered the marital home at 2:30 a.m. while Brandee was sleeping.  He attempted to rape her by grabbing her arms and legs and trying to disrobe her.  Following a struggle, Brandee was able to free herself and summon the police.

{¶3}   Four days later, Brandee filed this petition for a civil protection order, in the case numbered DV1300326.  A magistrate issued an ex parte civil protection order and set the matter for a full hearing.  Due to difficulties in obtaining service on Darrick, a full hearing was not held until five months later.  During that time, Brandee had filed for divorce, in the case numbered DV1301718.

{¶4}   At the full hearing on the civil protection petition, Brandee requested an order of five years' duration.  After the hearing, the magistrate found that Brandee was in danger of further violence by Darrick.  But the magistrate issued a protection order effective only for one year, concluding that "[a]s the parties are divorcing, [Brandee's]

2

request for a five year CPO is denied." The trial court adopted the magistrate's civil protection order, and Brandee filed a timely notice of appeal from that entry.

{¶5}    In her assignment of error, Brandee argues that the trial court abused its discretion by limiting the duration of the civil protection order to a one-year period based solely on the fact that she was seeking a divorce. She asserts that the magistrate and trial court erred in concluding that a divorce decree, presumed to be in place one year hence, would stop the threat of domestic violence, and would be an effective substitute for the protections afforded by a civil protection order.

{¶6}    Civ.R. 65.1 and R.C. 3113.31 provide a special statutory proceeding to expedite the issuance of orders to protect the victims of domestic violence. The trial court's adoption of a magistrate's order is a final, appealable order. *See* Civ.R. 65.1(G); *see also Heimann v. Heekin*, 1st Dist. Hamilton No. C-130613, 2014-Ohio-4276, ¶ 8.

{¶7}    Because R.C. 3113.31 expressly authorizes a trial court to tailor civil protection orders to the particular circumstances of each case, a trial court is to be afforded discretion in establishing the scope of a protection order. *See Abuhamda-Sliman v. Sliman*, 161 Ohio App.3d 541, 2005-Ohio-2836, 831 N.E.2d 453, ¶ 9 (8th Dist.). Therefore, when, as here, an appellant challenges the scope of a civil protection order, an appellate court reviews the order under an abuse-of-discretion standard. *See Walters v. Walters*, 150 Ohio App.3d 287, 2002-Ohio-6455, 780 N.E.2d 1032, ¶ 1 (4th Dist.); *compare Klecky v. Klecky*, 1st Dist. Hamilton No. C-110116, 2011 Ohio App. LEXIS 3473, *1 (Aug. 19, 2011) (when the issue on appeal is whether a protection order should have been issued at all, however, an appellate court must determine whether sufficient, credible evidence supports the trial court's decision). An abuse of discretion is shown when a decision is unreasonable, arbitrary, or unconscionable; that is, when the trial court issues a ruling that is not supported by a "sound reasoning

process." *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *see State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14.

{¶8} Civil protection orders issued under R.C. 3113.31 are an "appropriate and efficacious method to prevent future domestic violence * * *." *Felton v. Felton*, 79 Ohio St.3d 34, 41, 679 N.E.2d 672 (1997). Therefore, magistrates and trial courts "have an obligation [to issue orders that] carry out the legislative goals to protect the victims of domestic violence." *Id.* at 44-45. Because violence against a former spouse may not stop with a separation, and because that violence often escalates once a battered woman attempts to end the relationship, the Ohio Supreme Court has recognized "strong policy reasons" for courts to issue, when necessary, protection orders extending even after a divorce has become final. *Id.* at 40-41, citing Klein and Orloff, *Providing Legal Protection for Battered Women: An Analysis of State Statutes and Case Law*, 21 Hofstra L.Rev. 801, 816 (1993).

{¶9} Brandee correctly argues that she should not be denied a civil protection order of sufficient duration simply because she had concurrently sought other legal remedies to remove herself from the danger of domestic violence. R.C. 3113.31(G) expressly provides that "[t]he remedies and procedures provided in this section are in addition to, and not in lieu of, any other available civil or criminal remedies," including divorce proceedings. *See Felton* at 41.

{¶10} In *Sinclair v. Sinclair*, 182 Ohio App.3d 691, 2009-Ohio-3106, 914 N.E.2d 1084 (4th Dist.), the appeals court faced a nearly identical situation. After reporting various acts of domestic violence, the petitioner-wife had sought a five-year civil protection order. The magistrate, however, issued only a six-month protection order. The magistrate posited that since the wife had "vacated the marital residence,

and the parties intend to terminate their marriage, there [would] be little future contact and no need to continue a civil protection order beyond the time of the divorce proceedings." *Id.* at ¶ 3. The appeals court concluded that the trial court's adoption, in part, of the magistrate's decision was error. The trial court's reliance on the pending divorce did not alleviate the need for a longer-duration protection order to stop the threat of domestic violence by the husband. *See id.* at ¶ 8.

{¶11} We adopt the sound reasoning of the *Sinclair* court and reject the contention that divorce proceedings automatically alleviate the need for a protection order. Here the magistrate and trial court found that Darrick presented a threat of domestic violence to Brandee sufficient to justify issuing a protection order. The record does not demonstrate that any part of the divorce proceeding, in the case numbered DV1301718, was reviewed in this proceeding. We cannot determine if the magistrate or the trial court considered whether the protections, if any, crafted in the divorce proceedings were sufficient to protect Brandee from Darrick.

{¶12} Thus the sole basis in the record for the trial court to limit the requested five-year protection period to a single year was Brandee's institution of divorce proceedings. Because the institution of divorce proceedings does not automatically limit the duration of a civil protection order, there is no "sound reasoning process" in this limited record supporting the trial court's decision. We hold that the trial court abused its discretion in adopting the magistrate's order limiting the duration of the requested civil protection order. *See Sinclair* at ¶ 12; *see also AAAA Ents.*, 50 Ohio St.3d at 161, 553 N.E.2d 597. The assignment of error is sustained.

{¶13} Accordingly, we reverse the judgment of the trial court and remand the cause to the trial court for it to fashion a protection order consistent with its authority under Civ.R. 65.1 and R.C. 3113.31, and with this opinion.

Judgment reversed and cause remanded.

**HILDEBRANDT** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.