[Cite as *J.R. v. Pless*, 2016-Ohio-14.]

STATE OF OHIO       )
                      )ss:
COUNTY OF SUMMIT   )

|  |  |
|---|---|
| STATE OF OHIO )<br>)ss:<br>COUNTY OF SUMMIT ) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| J. R.<br><br>    Appellee<br><br>    v.<br><br>JOSHUA PLESS<br><br>    Appellant | C.A. No.    27665<br><br><br>APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.    CV 2014 12 5494 |

DECISION AND JOURNAL ENTRY

Dated: January 6, 2016

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, Joshua S. Pless, appeals from the judgment of the Summit County Court of Common Pleas granting the request of Appellee, J.R., for a civil stalking protection order. This Court affirms.

I.

{¶2} Joshua Pless is a 27-year-old man residing in Cuyahoga Falls, Ohio. J.R. is the mother of A.R., a minor who was 16 years old at the time she met Pless in the fall of 2014. During the months of October, November, and early December of 2014, Pless and A.R. were involved in a romantic relationship and Pless has admitted to having sexual intercourse with A.R. on multiple occasions. However, Pless maintains that he thought A.R. was 18 years of age during the course of their relationship.

{¶3} After discovering that her minor daughter was romantically involved with an older man, J.R. petitioned for and received an ex parte protection order, protecting her and her

daughter from Pless. On December 30, 2014, a magistrate held a full evidentiary hearing on J.R.'s petition. The parties appeared pro se at the hearing and were provided with an opportunity to testify and ask questions of the other party. All parties were also given an opportunity to present evidence. At the conclusion of the hearing, the magistrate issued a five-year civil stalking protection order ("CSPO") that named J.R. and A.R as protected persons. The trial court approved and adopted the protection order on December 31, 2014.

{¶4} Pless now appeals[1] from the protection order and raises one assignment of error for this Court's review.

II.

**Assignment of Error**

**An order was imposed against Appellant [that] was false, offensive, and a misrepresentation of what happened. In summary the court said there were sexually oriented offenses and Appellant posed a threat. No pattern was established for any such claims nor [was] solid evidence provided. Appellant has no record of violence or sexually oriented offenses.**

{¶5} In his sole assignment of error, Pless argues that the trial court erred by finding that he either posed a danger to or committed a sexually oriented offense against either J.R. or A.R. Moreover, Pless contends that the trial court erred by not allowing him to adequately prepare for the hearing and not allowing him to ask probative questions on cross-examination. We disagree with each of Pless' arguments.

---

[1] Because the CSPO prohibits Pless from contacting J.R. and A.R., Pless asked this Court to instruct the Summit County Clerk of Court's Office to serve a copy of his appellate brief to the Respondents. Records indicate that the clerk's office complied with this Court's order to do so. However, Respondents neither filed a brief in this appeal, nor appeared at the oral argument that took place in this matter on September 10, 2015.

A. Trial Court's Finding

{¶6} Civ.R. 65.1 governs civil protection orders. "According to Civ.R. 65.1(F)(3), civil protection petitions may be referred to a magistrate for determination, but civil protection orders are not 'magistrate's order[s]' as contemplated by Civ.R. 53(D) and are not subject to the requirements of Civ.R. 53 related to magistrate's orders." *R.C. v. J.G.,* 9th Dist. Medina No. 12CA0081–M, 2013–Ohio–4265, ¶ 5. "The trial court may adopt the magistrate's decision after determining that there is no error of law or other defect evident on the face of the order." *B.C. v. A.S.,* 9th Dist. Medina No. 13CA0020–M, 2014–Ohio–1326, ¶ 5, citing Civ.R. 65. 1(F)(3)(c)(ii). A party then may choose to object to the "court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). The filing of objections is not mandatory. "A civil protection order is final and appealable and may be reviewed on appeal with or without objections being filed in the trial court." *R.C.* at ¶ 5, citing Civ.R. 65.1(1)(F)(3)(d) and (G). "Consequently, as in other civil cases, we review the evidence underlying [CSPOs] to determine whether sufficient evidence was presented or whether the [CSPO] is against the manifest weight of the evidence." *A.S. v. P.F.*, 9th Dist. Lorain No. 13CA010379, 2013-Ohio-4857, ¶ 4, citing *R.C.* at ¶ 6, citing *Eastley v. Volkman,* 132 Ohio St .3d 328, 2012–Ohio–2179, paragraph two of the syllabus. "With respect to the scope of a protection order, however, we consider whether the trial court abused its discretion." *Id.* at ¶ 4, citing *R.C.* at ¶ 15.

{¶7} In his sole assignment of error, Pless challenges the granting of the order based upon the trial court's findings, but he does not challenge the scope of the order. Therefore, we

construe Pless' argument as a manifest weight challenge. In determining whether a trial court's ruling is against the manifest weight of the evidence:

> [t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

(Internal quotations and citations omitted.) *Eastley* at ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶8} In this case, J.R. filed her petition for a protection order under R.C. 2903.214 for a violation of R.C. 2903.211, menacing by stalking. "In order for a [CSPO] to issue, the trial court must find that the petitioner has shown by a preponderance of the evidence the respondent committed an act against the petitioner that would constitute menacing by stalking." *A.S.* at ¶ 6, citing *Lewis v. Jacobs,* 2d Dist. Montgomery No. 25566, 2013–Ohio–3461, ¶ 9. Menacing by stalking is prohibited by R.C. 2903.211(A)(1), which provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."

{¶9} Pless challenges the trial court's finding that his actions constituted a "pattern of conduct." He contends that the trial court's finding grossly misrepresents the true nature of his relationship with A.R. Moreover, Pless argues that he has never been charged with or convicted of a sexually oriented offense, so the trial court could not establish a "pattern of conduct."

{¶10} Pless has failed to set forth any case law to support his assertion that his actions with regard to A.R. did not constitute a "pattern of conduct." "An appellant must affirmatively demonstrate error on appeal and must provide legal arguments that substantiate the alleged error." *Rosen v. Chesler,* 9th Dist. Lorain No. 08CA009419, 2009–Ohio–3163, ¶ 11. "If an

argument exists that can support this assignment of error, it is not this court's duty to root it out." *Cardone v. Cardone,* 9th Dist. Summit No. 18349, 1998 WL 224934, * 8 (May 6, 1998). This Court "will not guess at undeveloped claims on appeal." *State v. Wharton,* 9th Dist. Summit No. 23300, 2007–Ohio–1817, ¶ 42.

**{¶11}** We note that Pless has presented his argument before this Court pro se. With respect to pro se litigants, this Court has observed:

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers,* 9th Dist. Summit No. 22071, 2004–Ohio–5178, ¶ 3.

**{¶12}** Even a liberal reading of Pless' appellate brief does not reveal that he has presented any case law to support his assertion that his actions did not constitute a pattern of conduct. As such, we decline to address his argument. *See* App.R. 12(A)(2).

### B. December 30, 2014 Hearing

**{¶13}** Pless also argues that he was not adequately prepared to proceed with the hearing before the magistrate on December 30, 2014. He also contends that the magistrate prohibited him from asking relevant questions of J.R. and A.R. on cross-examination. We disagree.

**{¶14}** The record indicates that Pless failed to either inform the magistrate that he was not prepared to proceed or request a continuance. Moreover, Pless also failed to object below to any of the issues he now raises on appeal relating to the December 30, 2014 hearing. In failing to do so, Pless forfeited any error in that regard. The failure to raise these matters before the trial

court deprived the court of an opportunity to correct any errors and forfeits the right to challenge those issues on appeal. *Hawkins v. Innovative Property Mgt.* 9th Dist. Summit No. 23122, 2006–Ohio–6153, ¶ 5, fn. 1. Consequently, Pless has forfeited the right to assign these matters as error on appeal. Moreover, Pless has not argued plain error on appeal. As such, this Court will not address his arguments. *Swartz v. Swartz*, 9th Dist. Medina No. 11CA0057-M, 2011-Ohio-6685, ¶ 7.

{¶15} Lastly, Pless' appellate brief contains new information about A.R.'s conduct both before and after the hearing that was not offered during the trial court proceedings. However, this Court may not consider evidence that was not presented to the trial court. *State v. Heard*, 9th Dist. Summit No. 26965, 2014-Ohio-371, ¶ 6, citing *State v. Ishmail*, 54 Ohio St.2d 402, 406 (1978) (explaining that a reviewing court is "limited to what transpired in the trial court as reflected by the record made of the proceedings.").

{¶16} Pless' assignment of error is overruled.

### III.

{¶17} Pless' sole assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT


MOORE, J.
<u>CONCURS.</u>

CARR, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶18} I would affirm as J.R. proved by a preponderance of the evidence that Pless engaged in a pattern of conduct that caused mental distress. A.R. testified that her sexual relationship with Pless and his continued contact with her caused emotional distress. A.R. indicated she had difficulty at school, lacked focus, and could not sleep. She further indicated that she was significantly afraid of Pless. Moreover, even after the ex parte CPO was issued, Pless still attempted telephone contact with A.R. on multiple occasions.

<u>APPEARANCES:</u>

JOSHUA PLESS, pro se, Appellant.