[Cite as *Denney v. Sanders*, 2016-Ohio-5113.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| RODNEY DENNEY, JR., | : | APPEAL NO. C-150556 |
| | | TRIAL NO. SK 1500385 |
| Petitioner-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| IAN SANDERS, | : | |
| Respondent-Appellant. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 27, 2016


*Cornetet, Meyer, Rush & Stapelton* and *Mark C. Eppley* for Respondent-Appellant.

**STAUTBERG, Judge.**

{¶1}  Respondent-appellant Ian Sanders appeals the trial court's judgment issuing a five-year civil stalking protection order ("CSPO") requiring him to stay 500 feet away from petitioner Rodney Denney, Jr.  Sanders asserts two assignments of error in which he (1) challenges the sufficiency and manifest weight of the evidence to support the granting of the CSPO, as well as the scope of the order, and (2) argues that Denney's actions contributed to the situation, and that Denney, therefore, should not benefit from receiving a CSPO.  For the following reasons, we affirm.

## Lockland Feud

{¶2}  Denney employed his friend and neighbor, Sanders, at his welding business in Lockland, Ohio.  The relationship soured after Sanders and another individual threatened Denney with a gun at his business because of a dispute over equipment.  Sanders subsequently petitioned for a CSPO against Denney, but Sanders failed to appear for the hearing and the trial court dismissed the matter.

{¶3}  The men continued to feud, with both parties making numerous phone calls to the police.  After an incident at a drive-through in May 2015, Denney filed a petition for a CSPO against Sanders.  In his filing, Denney alleged that Sanders had harassed him and had threatened his life in public, and that Sanders's behavior had affected his business.  Denney stated that he had filed numerous police reports that documented Sanders's behavior towards him, and that he had two videos that depicted Sanders yelling at and threatening him.  The trial court issued an ex parte temporary CSPO and set a date for a full hearing.

{¶4}  Both parties were present for the full hearing before a magistrate.  Denney testified that since the incident at his business, Sanders had threatened his

life numerous times, squealed his tires outside of his home, tailgated him, and yelled at and threatened him anytime that Sanders saw him around town.

{¶5} Denney showed the magistrate two videos of his interactions with Sanders. The first video was from the incident at a drive-through, where Sanders was seen yelling at Denney. The second video depicted Sanders running through his neighbor's yard yelling at Denney and Denney's fiancée, while they were driving to visit Denney's mother. Denney testified that Sanders's actions and behavior has caused him mental distress and to fear for his personal safety.

{¶6} Denney's fiancée testified consistently with Denney's testimony, and stated that she began video recording their interactions with Sanders in order to document the harassing behavior.

{¶7} Sanders, in turn, testified that Denney had harassed him for the past year, and that Denney's behavior caused Sanders's wife and children to be fearful. Sanders testified that he saw Denney drive through his alleyway and drive slowly past his house several times a day. Sanders took photos of Denney and his fiancée taking video of him and his children in his yard.

{¶8} The magistrate reprimanded both men about their behavior and calls to the police. Nevertheless, after hearing the testimony, the magistrate issued a five-year CSPO against Sanders to protect Denney.

{¶9} In the order of protection, the magistrate made the following findings of fact:

> The parties had been in a business relationship that soured. Respondent has engaged in a pattern of harassing behavior towards petitioner for quite some time, yelling at him in most circumstances, threating to kill petitioner and his [fiancée], and threating to not "let

3

him catch you outside." This has happened in excess of 30 times, and petitioner has had enough and is in fear for his personal safety.

The trial court adopted the order of protection.

{¶10} Soon thereafter, Sanders moved the court to set aside/vacate the CSPO. He also filed objections with the trial court to the magistrate's decision, and requested a hearing. In his objections, Sanders alleged that the trial court had erred in awarding Denney a CSPO and that the court had failed to properly weigh the evidence. He contended that there was no evidence presented that Denney was in fear of or felt threatened by him, and that Denney's actions cast serious doubt about that fear. Sanders also argued that police officers should have corroborated the evidence regarding the numerous police reports that Denney had filed against him.

{¶11} Sanders did not appear at the scheduled hearing on the motion, and the magistrate denied Sanders's motion to set aside/vacate the CSPO. The trial court overruled Sanders's objections to the magistrate's decision.

### Assignments of Error

{¶12} Sanders timely appealed, but did not file a transcript of the trial court's hearing on the objections to the magistrate's decision. Denney did not file a brief or appear for oral argument before this court. In his appeal, Sanders asserts two assignments of error.

### I. Issuance and Scope of CSPO

{¶13} In his first assignment of error, Sanders argues that "[t]he trial court erred and abused its discretion in granting [Denney] a Civil Stalking Protection Order after a full hearing because the elements required under R.C. 2903.214 were either not satisfied and/or did not rise to the level of preponderance of evidence necessary for such a finding." We disagree.

## A. Standard of Review

{¶14} This court has yet to set a clear and definite standard of review regarding CSPOs, and in the past, we have blurred the lines between a manifest weight review and an abuse of discretion standard of review. *See, e.g., Lindsay v. Jackson*, 1st Dist. Hamilton No. C-990786, 2000 Ohio App. LEXIS 4043, *11-15 (Sept. 8, 2000); *Griga v. Dibenedetto,* 2012-Ohio-6097, 988 N.E.2d 590, ¶ 15-18 (1st Dist.); *Mullen v. Hobbs*, 1st Dist. Hamilton No. C-120362, 2012-Ohio-6097,¶ 11-13, 28-29; *Smith v. Hein*, 1st Dist. Hamilton No. C-140529, 2015-Ohio-2749, ¶ 5-6.

{¶15} Other appellate district courts have also taken varied approaches to reviewing CSPOs. Several courts have reviewed solely for whether the trial court abused its discretion when issuing a CSPO. *See, e.g., Echemann v. Echemann*, 3d Dist. Shelby No. 17-15-19, 2016-Ohio-3212, ¶ 33. Some districts have utilized a blending of both a manifest weight standard of review and an abuse of discretion standard of review when determining whether the issuance of the CSPO was proper. *See, e.g., Wilson v. Rowe*, 5th Dist. Knox No. 15-CA-14, 2016-Ohio-523, ¶ 29-30; *Williams v. Flannery*, 8th Dist. Cuyahoga No. 101880, 2015-Ohio-2040, ¶ 5-7. However, a number of the districts have found, correctly in our view, that the standard applied depends on the nature of the challenge. *See, e.g., J.R. v. Pless*, 9th Dist. Summit No. 27665, 2016-Ohio-14, ¶ 6-7; *Rehfus v. Smith*, 7th Dist. Carroll No. 14 CA 897, 2015-Ohio-2145, ¶ 20; *Taylor v. Taylor*, 2d Dist. Miami No. 2012-CA-14, 2012-Ohio-6190; *Ellet v. Falk*, 6th Dist. Lucas No. L-09-1313, 2010-Ohio-6219, ¶ 19.

{¶16} We hold that the standard of review depends on the nature of the challenge asserted. *See id*; *Abuhamda-Sliman v. Sliman*, 161 Ohio App.3d 541, 2005-Ohio-2836, 831 N.E.2d 453, ¶ 9 (8th Dist.); *Parker v. Parker*, 1st Dist. Hamilton No. C-130658, 2014-Ohio-5516, ¶ 7. Where an appellant challenges the

weight or sufficiency of the evidence to support the issuance of a CSPO, the appropriate standard of review is a manifest weight or a sufficiency standard of review, respectively. *See Pless* at ¶ 6-7. Where, however, an appellant challenges the scope of a CSPO, we review the trial court's determination for an abuse of discretion. *See id.*

{¶17} We find guidance and support for our holding in cases that analyze the issuance and the scope of a domestic violence civil protection order ("DVCPO"). We have recognized that a CSPO and a DVCPO are substantially similar. *See Lindsay*, 1st Dist. Hamilton No. C-990786, 2000 Ohio App. LEXIS 4043, at *8.

{¶18} R.C. 3113.31 expressly authorizes a trial court to tailor the scope of a DVCPO to the circumstances of each case, and a trial court is afforded discretion in establishing the scope of the order. *Parker* at ¶ 7, citing *Abuhamda-Sliman* at ¶ 9. Therefore, this court adopted an abuse of discretion standard of review when reviewing the scope of a DVCPO. *Parker* at ¶ 7.

{¶19} Here, similar to R.C. 3113.31, R.C. 2903.214 provides that the trial court may issue any protection order that contains terms designed to ensure the safety and protection of those individuals to be protected by the CSPO. As the trial court has discretion over the scope of the civil protection order, we review challenges to the scope of a CSPO under an abuse of discretion standard. *See J.B. v. Harford,* 9th Dist. Summit No. 27231, 2015-Ohio-13, ¶ 4.

{¶20} However, when the question on appeal is whether a CSPO should have been issued at all, the review is whether the petitioner has shown by a preponderance of the evidence that he or she was entitled to the order, and not whether the trial court abused its discretion in granting the order. *See Abuhamda-Sliman*, 161 Ohio App.3d 541, 2005-Ohio-2836, 831 N.E.2d 453, at ¶ 9; *Felton v. Felton*, 79 Ohio St.3d

34, 44, 679 N.E.2d 672 (1997); *Sanchez v. Sanchez*, 1st Dist. Hamilton No. C-150441, 2016-Ohio-4933, ¶ 16. Our review could therefore entail a manifest weight challenge, a sufficiency of the evidence challenge, or both, depending on the argument raised. *See Pless*, 9th Dist. Summit No. 27665, 2016-Ohio-14, at ¶ 6.

## B. Analysis

{¶21} In his first assignment of error, Sanders argues that the trial court's order was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶22} When reviewing for sufficiency, it is a test of adequacy. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 11. To review whether the judgment is against the manifest weight of the evidence, we weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id.* at ¶ 20; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In weighing the evidence, we are mindful that the presumption is in favor of the trier of fact. *Eastley* at ¶ 21; *Pless* at ¶ 7.

{¶23} R.C. 2903.214 allows the trial court to issue civil protection orders for victims of menacing by stalking upon a petitioner showing by a preponderance of the evidence that the respondent engaged in a violation of R.C. 2903.211. *Lindsay*, 1st Dist. Hamilton No. C-990786, 2000 Ohio App. LEXIS 4043, at *8. R.C. 2903.211(A)(1), menacing by stalking, provides, "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other

person." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). A pattern of conduct means "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents * * *." Physical harm means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). And in the context of R.C. 2903.211, mental distress means "any mental illness or condition that involves some temporary substantial incapacity." R.C. 2903.211(D)(2)(a).

{¶24} Sanders argues that Denney did not show a pattern of conduct. He argues that the one incident at the drive-through was not enough to demonstrate a pattern. Sanders ignores the other evidence presented, including two video recorded instances of inappropriate behavior, as well as his own statement that the feud had been ongoing over the past year. We find this is sufficient evidence to demonstrate a pattern of conduct.

{¶25} Sanders argues that even if Denney demonstrated a pattern of conduct, Denney did not satisfy the physical harm or the mental distress element of R.C. 2903.211.

{¶26} Denney and his fiancée testified that Sanders had threatened Denney's life on multiple occasions either through his actions while driving or through his threatening remarks. Denney testified that he was in fear for his life and his personal safety. Although evidence demonstrated that Denney, while on the way to his mother's house, had driven past Sanders's home and had videotaped his behavior, this does not negate the fear that Denney expressed to the trial court. This testimony of fear for his life and personal safety is sufficient to satisfy the physical harm

element of the menacing statute. And because we find that Denney satisfied the physical harm element, we need not reach the mental distress element.

{¶27} We find that there was sufficient evidence to prove by a preponderance of the evidence the elements of R.C. 2903.211. Further, after reviewing the record and weighing the evidence, we hold that the trial court did not lose its way and create a manifest miscarriage of justice in issuing the CSPO against Sanders.

{¶28} Sanders also briefly argues that the five-year duration of the CSPO was an abuse of discretion. This challenge goes to the scope of the order. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Sanders is unclear in his argument about why a five-year CSPO is excessive and how the trial court abused its discretion. Sanders simply argues that Denney sought the CSPO in order harass him. After reviewing the record, we hold that the trial court did not abuse its discretion in issuing the CSPO for five years. Sanders's first assignment of error is overruled.

## II.    Clean Hands

{¶29} In his second assignment of error, Sanders argues that the trial court erred and abused its discretion in granting relief to Denney because Denney did not come to the table with "clean hands." Sanders contends that Denney's actions— driving in Sanders's private alleyway, driving slowly past Sanders's home, and taking photos and video of Sanders and his family while they were in their yard— contributed to the feud. This argument is without merit.

{¶30} Neither R.C. 2903.214 or 2903.211 requires that a person seeking a CSPO must have "clean hands" in order to pursue and obtain relief. *See Skiles v. Dearth*, 2d Dist. Clark No. 2000-CA-30, 2000 Ohio App. LEXIS 5827, *15-16 (Dec.

15, 2000).  Moreover, the evidence demonstrated that Sanders initiated many of the incidents and contributed significantly to the feud.  Therefore, we overrule Sanders's second assignment of error.

## Conclusion

{¶31} We overrule Sanders's two assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**FISCHER, P.J.,** and **HENDON, J.,** concur.

Please note:

This court has recorded its own entry this date.