[Cite as *Matthews v. United Airlines, Inc.*, 2017-Ohio-5558.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

MYKA V. MATTHEWS

    Appellant

    v.

UNITED AIRLINES, INC.

    Appellee

C.A. No.     28290

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    15 CV 08435

DECISION AND JOURNAL ENTRY

Dated: June 28, 2017

---

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Myka V. Matthews, appeals the judgment of the Akron Municipal Court rejecting the magistrate's decision and granting judgment in favor of Defendant-Appellee, United Airlines, Inc.'s ("United Airlines"). We affirm.

I.

{¶2} In November 2014, Matthews traveled from Akron, Ohio to Birmingham, Alabama. On November 30, 2014, Matthews' return flight to Akron via Delta Air Lines was delayed, thus causing her to miss her connecting flight in Chicago, Illinois. As a result, Matthews was placed on a United Airlines flight from Chicago to Akron. Matthews' United Airlines flight did not land at the Akron-Canton airport until after midnight on December 1, 2014. Upon arriving at baggage claim, Matthews ultimately discovered that her luggage was missing. Matthews then went to the United Airlines office located within the airport to file a

report concerning her missing luggage, but the office was closed. Matthews decided to go home and contact United Airlines later that day during regular business hours.

{¶3} At approximately 10:00 a.m. on December 1, 2014, Matthews claims that she faxed a letter to United Airlines advising the company that her luggage was missing. United Airlines avers that they never received this fax. On December 4, 2014, Matthews telephoned United Airlines to inquire about her lost luggage and learned that United Airlines had not received the fax transmission from December 1, 2014. Matthews asserts that she followed up several times with United Airlines in the following months. However, United Airlines eventually informed Matthews that it would not accept responsibility for her lost luggage.

{¶4} On November 17, 2015, Matthews filed a small claims action against United Airlines in the Akron Municipal Court seeking to recover damages for her lost luggage and its contents. A magistrate held a small claims hearing on February 8, 2016, at which time both parties testified and presented evidence. At the small claims hearing, United Airlines' legal representative testified that the company was not liable for Matthews' lost luggage since Matthews failed to file her claim within the 24-hour notice period provided in United Airlines' Contract of Carriage. United Airlines claims that this hindered the airline from locating the lost luggage. Moreover, United Airlines' legal representative testified that Matthews also failed to comply with the Contract of Carriage by submitting the written claim form to United Airlines within 45 days of her flight. Lastly, the legal representative testified that the baggage claim ticket pertaining to Matthews' missing luggage was scanned into the Canton-Akron Airport on December 1, 2014, thus indicating that the luggage in question had arrived at the Akron-Canton Airport on Matthews' flight. United Airlines' legal representative provided the magistrate with the file information, the property claim form, and United Airlines' Contract of Carriage.

Matthews, on the other hand, testified that she complied with the notice requirements contained in United Airlines' Contract of Carriage. Matthews submitted receipts and invoices to support her claim for damages.

{¶5} The magistrate issued a decision concluding that Matthews was entitled to partial judgment against United Airlines. Specifically, the magistrate determined that Matthews had satisfied her burden of proving that her luggage was lost while traveling on a United Airlines flight, but was only permitted to recover for items that were supported with evidence, such as receipts or invoices. In sum, the magistrate determined that United Airlines was liable for $2,038.97, plus court costs and interest.

{¶6} United Airlines filed timely objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(iii). The trial court subsequently granted United Airlines' motion for leave to file supplemental objections to the magistrate's decision, which United Airlines filed thereafter. On June 3, 2016, the trial sustained two of United Airlines' objections, finding that the magistrate's decision: (1) failed to rely on the relevant provisions of the Contract of Carriage; and (2) disregarded competent evidence that Matthews failed to deliver the written claim form within 45 days of her flight, as required by the Contract of Carriage. Accordingly, the trial court rejected the magistrate's decision and entered judgment in favor of United Airlines and against Matthews.

{¶7} Matthews filed this timely appeal and raises one assignment of error for this Court's review.

II.

**Assignment of Error**

**The trial court erred by failing to agree with the magistrate's decision that the Appellant timely delivered the written claim form by United States postal**

**mail prior to the 45 days after flight and by fax after being informed by the Appellee's representative that the information had not been loaded to the claim.**

**{¶8}** In her sole assignment of error, Matthews argues that the trial court erred by sustaining United Airlines' objections and rejecting the magistrate's decision. Specifically, Matthews contends that the trial court's factual finding that she failed to comply with the notice requirements contained in the Contract of Carriage is erroneous since she presented evidence at the small claims hearing demonstrating that she mailed the written claim form to United Airlines within 45 days of her flight.

**{¶9}** A trial court has discretion to "adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b). "[T]he decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." (Alteration sic.) *Erwin v. Erwin*, 9th Dist. Wayne No. 13CA0009, 2014-Ohio-874, ¶ 11, quoting *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. A trial court abuses its discretion when its decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). However, "we consider the trial court's action with reference to the nature of the underlying matter." *Erwin* at ¶ 11, quoting *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.

**{¶10}** Matthews appears to argue that the trial court's decision is against the manifest weight of the evidence. When analyzing a manifest-weight-of-the-evidence challenge, we "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and

determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [decision] must be reversed." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶11} At the small claims hearing, United Airlines' legal representative introduced the company's Contract of Carriage into evidence. As relevant to this appeal, Rule 28(K)(1)(e) of United Airlines' Contract of Carriage states:

> The completed written claim form pertaining to the claimed loss of, damage to or delay in delivery of a Passenger's personal property, including Baggage must be received by [United Airlines]'s System Tracing Center from the Passenger within 45 days after the flight date. If the Passenger's (sic) fails to return the completed written claim form within the specified time period (absent extraordinary circumstances to be determined at [United Airlines]'s discretion), no action shall lie against [United Airlines].

United Airlines' legal representative testified at the small claims hearing that Matthews did not comply with this provision of the Contract of Carriage. Specifically, the legal representative testified that United Airlines did not receive Matthews' written claim form until January 21, 2015, which was 52 days after the date of her United Airlines flight. In rejecting the magistrate's decision granting partial judgment in favor of Matthews, the trial court noted that, despite the unrefuted testimony from United Airlines' legal representative that Matthews failed to comply with the terms of the Contract of Carriage, the magistrate's decision omitted any discussion of Matthews' purported failure to submit the written claim form to United Airlines within 45 days.

{¶12} In her appellate brief, Matthews argues that the trial court's rejection of the magistrate's decision was error because she mailed the written claim form to United Airlines on January 5, 2015, which was within the Contract of Carriage's 45-day notice period. In support of this argument, Matthews's brief included a copy of receipt from the United States Post Office located on South Arlington Street in Akron, Ohio. The copy of the receipt is dated for January 5,

2015, and reflects a payment of $1.20 to send a large envelope to Houston, Texas, which is where United Airlines' Baggage Resolution Service Center is located. However, we note that Matthews did not submit this receipt into evidence at the small claim hearing, nor is it included anywhere else in the record. "This Court may not consider evidence that was not presented to the trial court." *State v. Heard*, 9th Dist. Summit No. 26965, 2014-Ohio-371, ¶ 6, citing *State v. Ishmail*, 54 Ohio St.2d 402, 406 (1978) (explaining that a reviewing court is "limited to what transpired in the trial court as reflected by the record made of the proceedings.") Moreover, a review of the transcript from the small claims hearing reveals that Matthews provided no testimony concerning the written claim form, even after United Airlines' legal representative testified that Matthews failed to submit the form in a timely manner.

{¶13} Accordingly, having reviewed the record, we cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice in determining that Matthews failed to comply with the Contract of Carriage by submitting the written claim form within 45 days of her United Airlines flight. As such, we conclude that the trial court did not abuse its discretion by sustaining United Airlines' objections to the magistrate's decision, rejecting the magistrate's decision, and entering judgment in favor of United Airlines.

{¶14} Matthews' assignment of error is overruled.

III.

{¶15} With Matthews' sole assignment of error being overruled, the judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MYKA V. MATTHEWS, pro se, Appellant.

SCOTT R. TORPEY, Attorney at Law, for Appellee.