[Cite as *Mohammad v. Shahwan*, 2023-Ohio-4811.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RENAAD MOHAMMAD, | : | APPEAL NO. C-230128 |
| | | TRIAL NO. DV-2201257 |
| Petitioner-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| AMER SHAHWAN, | : | |
| | | |
| Respondent-Appellee. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 29, 2023

*Blake P. Somers, LLC*, and *Sierra D. Causey*, for Petitioner-Appellant,

*McIntosh & McIntosh, PLLC*, and *M. Todd McIntosh*, for Respondent-Appellee.

**ZAYAS, Presiding Judge.**

**{¶1}** Petitioner-appellant Renaad Mohammad ("petitioner") appeals the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, which denied her petition for a domestic violence civil protection order ("DVCPO"). For the following reasons, we affirm the judgment of the trial court.

## I. Background

**{¶2}** Petitioner filed a petition for a DVCPO pursuant to R.C. 3113.31, requesting protection for herself and a minor child—K.S.—from respondent-appellee Amer Shahwan ("respondent"). A hearing was held before the magistrate where each party testified and presented evidence. The magistrate ultimately denied the request for a DVCPO, finding that the evidence was insufficient to demonstrate an act of domestic violence. Petitioner filed objections to the magistrate's decision, arguing that the evidence was insufficient to support the denial of a DVCPO where the evidence supported findings under R.C. 3113.31 that respondent—her spouse—intentionally caused bodily injury to petitioner and their son, caused K.S. to be an abused child, and committed a sexually oriented offense against her. After reviewing the transcript of proceedings and all exhibits, the trial court overruled the objections, finding that the magistrate's decision was supported by the evidence.

## II. Law and Analysis

### A. Standard of Review

**{¶3}** In reviewing the magistrate's decision, the trial court was required to determine whether "*insufficient* evidence existed to support the magistrate's *denial* of the order." (Emphasis sic.) *Durastanti v. Durastanti*, 1st Dist. Hamilton No. C-190655, 2020-Ohio-4687, ¶ 20. "To put it another way, the trial court needed to find that the magistrate's credibility determinations—including its decision to discount

portions of [the petitioner]'s testimony—were insufficiently supported by the record." *Id.* Thus, by affirming the magistrate's decision, the trial court found that sufficient evidence existed to deny the DVCPO. Petitioner challenges this determination, arguing that the evidence was sufficient to grant the DVCPO and thus implicitly argues that there was insufficient evidence to deny the DVCPO. As the challenge is a sufficiency-of-the-evidence challenge, this court must apply the sufficiency standard of review. *See Denney v. Sanders*, 1st Dist. Hamilton No. C-150556, 2016-Ohio-5113, ¶ 16-17, 20, citing *J.R. v. Pless*, 9th Dist. Summit No. 27665, 2016-Ohio-14, ¶ 6-7 (determining the appropriate standard of review regarding civil stalking protection orders and finding such orders substantially similar to DVCPOs).

{¶4} "When reviewing for sufficiency, it is a test of adequacy." *Denney* at ¶ 22, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 11. This court must determine whether the evidence was legally sufficient to support the judgment. *Eastley* at ¶ 11. Whether the evidence is legally sufficient is a question of law. *Id.*

### B. Sufficient Evidence Existed to Deny the DVCPO

{¶5} "To obtain a protection order pursuant to R.C. 3113.31, the petitioner must prove by 'a preponderance of the evidence' that the respondent engaged in an act of domestic violence against the petitioner or petitioner's family." *Durastanti* at ¶ 16, citing *Pinkston v. White*, 12th Dist. Butler No. CA2019-06-094, 2019-Ohio-5165, ¶ 19; *see Felton v. Felton*, 79 Ohio St.3d 34, 42, 679 N.E.2d 672 (1997). "Domestic violence" includes, among other things, the occurrence of one or more of the following acts against a family or household member: (1) attempting to cause or recklessly causing bodily injury; (2) placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the

3

Revised Code; (3) committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code; or (4) committing a sexually oriented offense. R.C. 3113.31(A)(1)(a). "Family or household member" includes a spouse of the respondent and/or a child of the respondent. R.C. 3113.31(A)(3)(a)(i) and (ii).

{¶6} R.C. 3113.31 "allows a court to grant a protection order after a full hearing 'to bring about the cessation of domestic violence against the family or household members.' " *K.B. v. B.B.*, 9th Dist. Summit No. 28129, 2017-Ohio-71, ¶ 7, citing R.C. 3113.31(E)(1). " 'The purpose of the civil protection order is not to address past abuse.' " *Id.*, citing *Wetterman v. B.C.*, 9th Dist. Medina No. 12CA0021-M, 2013-Ohio-57, ¶ 11; *accord, e.g.*, *Hallisy v. Hallisy*, 11th Dist. Geauga No. 2022-G-0048, 2023-Ohio-2923, ¶ 26. "Rather, protection orders are intended to prevent further domestic violence." *Id.*, citing *Felton* at 41. "As such, 'even with established past abuse there must be some competent, credible evidence that there is a present fear of harm.' " *Id.*, citing *McElroy v. McElroy*, 5th Dist. Guernsey No. 15 CA 27, 2016-Ohio-5148, ¶ 38. "Nevertheless, '[e]vidence of past abuse * * * is relevant and may be an important factor in determining whether there is a reasonable fear of further harm.' " *Id.*, citing *Wetterman* at ¶ 12.

{¶7} In her first assignment of error, petitioner first argues that the trial court erred in declining to find that respondent attempted to cause or recklessly caused bodily harm against her. Petitioner testified that respondent physically abused her and described an incident occurring in December 2021 in which respondent allegedly grabbed her by the arm and threw her back into their apartment when she attempted to leave during an argument. She admitted photos which purportedly showed the marks left on her from this incident. She also said that, on multiple occasions,

4

respondent would grab her shirt, speak roughly in her face, and grab her by the arms. Lastly, she said that respondent would bite and pinch her, and prevent her from leaving the apartment. When asked when these types of events last occurred, she said very recently and that the events were ongoing.

{¶8} Even assuming this evidence is sufficient to support a finding that respondent attempted to cause or recklessly caused her bodily harm, the question before this court is whether there was sufficient evidence in the record to deny finding an act of domestic violence. Therefore, we must determine whether sufficient evidence was presented to undermine this evidence and deny finding an act of domestic violence.

{¶9} In his testimony, respondent denied ever biting petitioner, ever grabbing petitioner's arm and throwing her back in the apartment, refusing to permit petitioner to leave, or ever grabbing petitioner "with force." When he was asked if he allowed petitioner to freely leave the apartment, he said, "Of course." He testified regarding alleged trips petitioner took to Florida and visits from petitioner's parents.

{¶10} This evidence, if credible, essentially negates petitioner's testimony and would therefore be sufficient to deny finding an act of domestic violence against petitioner, even assuming petitioner's testimony would be sufficient to support a finding that respondent attempted to cause or recklessly caused her bodily harm, absent controverting testimony.

{¶11} Further, petitioner acknowledged during cross-examination that she previously admitted to falsifying a photograph of a black eye, which calls into question the credibility of the photograph submitted in support of her testimony. Finally, when the court itself questioned the parties at the conclusion of the respondent's case, the court attempted to clarify details of when the alleged incidents that led to the filing of

the petition occurred and petitioner could not testify as to what day the events occurred or whether the events occurred on the same or different days.

{¶12} Based on the evidence presented, the magistrate was required to make a quintessential credibility determination as the evidence was basically one party's word against the other. Because the magistrate, as the trier of fact, was in the best position to judge the credibility of the witnesses and determine the weight to be given to the testimony, we cannot say that the trial court erred in finding the evidence sufficient to deny a finding that respondent committed an act of domestic violence against the petitioner by attempting to cause or recklessly causing her bodily harm as sufficient evidence was put forth to negate petitioner's testimony, if found to be credible, and it is clear from the trial court's decision that the issue of credibility was resolved in favor of the respondent.

{¶13} Petitioner points to *Felton*, 79 Ohio St.3d 34, 679 N.E.2d 672, and argues that the trial court's denial of respondent's motion for a directed verdict at the close of petitioner's case was essentially a finding that petitioner was credible, which prevented the trial court's ultimate denial of the DVCPO. In *Felton*, the Ohio Supreme Court reversed the trial court's denial of a DVCPO where the trial court initially denied the respondent's request for a directed verdict at the close of the petitioner's case but then ultimately denied the petitioner's request for a DVCPO, despite no controverting evidence being presented by the respondent in the interim. *Id.* at 36, 42-44. The instant case is not analogous to *Felton* as, here, controverting evidence was presented by the respondent after his motion for a directed verdict *and* the court itself questioned the parties after the court denied the motion for a directed verdict. Thus, additional evidence was presented to further assess the credibility of the parties and the weight to be given to the evidence after the court denied the request for a directed verdict.

6

Petitioner does not dispute that this case is different from *Felton* in this regard, but instead posits that the respondent's testimony was not credible, making *Felton* applicable. However, the trier of fact was in the best position to judge the credibility of the witnesses and the weight of the evidence. *E.g.*, *Durastanti*, 1st Dist. Hamilton No. C-190655, 2020-Ohio-4687, at ¶ 21. The court's denial of the motion for a directed verdict in this case did not prevent the court from proceeding to assess the credibility of the parties and weigh the evidence at final judgment and rule in favor of respondent after additional evidence was presented.

{¶14} Petitioner next argues that the trial court erred in declining to find that respondent committed a sexually oriented offense against her. "Sexually oriented offense" has the same meaning as in R.C. 2950.01. R.C. 3113.31(A)(6). Relevant for our purposes here, a "sexually oriented offense" includes a violation of R.C. 2905.03(B). R.C. 2950.01(A)(10). Under R.C. 2905.03(B), "No person, without privilege to do so and with a sexual motivation, shall knowingly restrain another of the other person's liberty."

{¶15} Petitioner testified that respondent got on top of her with all his weight, rubbed her thighs, and attempted to kiss her and continued to do so, even after she attempted to push him off. While petitioner's testimony—if found to be credible—could support a reasonable inference that respondent was using his weight to restrain her liberty with a sexual motivation, respondent denied in his testimony that he ever attempted to force himself on petitioner. Because conflicting evidence was presented and the magistrate was in the best position to weigh the evidence and determine credibility, we cannot say that the trial court erred in finding that sufficient evidence existed for the magistrate to deny a finding that respondent committed a sexually oriented offence against petitioner.

{¶16} In her second assignment of error, petitioner argues that the trial court erred in declining to find that respondent recklessly caused bodily harm against K.S. and committed an act which would result in K.S. being an abused child under R.C. 2151.031. An "abused child" under R.C. 2151.031 includes any child who (1) is endangered as defined in R.C. 2919.22, (2) exhibits evidence of any physical or mental injury, inflicted other than by accidental means, and/or (3) because of acts of the child's parents, suffers physical or mental injury that harms or threatens to harm the child's health or welfare. R.C. 2151.031(D) and (E).

{¶17} Petitioner testified that respondent pinched K.S. to the point that he could not breath. She also testified that respondent told her that he bit K.S. However, in his testimony, respondent denied ever pinching or biting K.S., or ever telling petitioner that he bit K.S. Because conflicting evidence was presented and the magistrate was in the best position to weigh the evidence and determine credibility, we cannot say that the trial court erred in finding that sufficient evidence existed for the magistrate to deny a finding that respondent committed an act of domestic violence against K.S.

### III. Conclusion

{¶18} For all the foregoing reasons, we overrule the assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

8