JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Christopher Morgan ("Morgan"), appeals the trial court's decision granting plaintiff-appellee's, Latasha Cunningham's ("Cunningham"), petition for a domestic violence civil protection order. Finding no merit to the appeal, we affirm.
 {¶ 2} In July 2003, Cunningham filed a petition seeking a domestic violence civil protection order against Morgan on behalf of herself and her daughter, S.M., who is also Morgan's daughter. On the same day, the trial court issued an ex parte domestic violence civil protection order, which enjoined Morgan from coming within 500 yards of Cunningham and S.M. and also suspended his visitation with S.M. The petition was later modified to remove S.M. as a protected person.
 {¶ 3} On September 4, a hearing on the petition commenced before a magistrate. The evidence showed that, in April 2003, Cunningham also sought a domestic violence protection order against Morgan. The court declined to issue an ex parte order, and the first petition was subsequently denied when Cunningham failed to appear at the hearing.
 {¶ 4} The incident which gave rise to the filing of this second petition occurred on July 12, 2003 at S.M.'s preschool "graduation." After the ceremony, Morgan approached Cunningham in the school lobby. Cunningham told Morgan to leave, that he "had" S.M. the day before, and that he was not supposed to be there. Cunningham then turned away from Morgan and placed S.M. in front of her. The witnesses testified that Morgan attempted to reach for S.M. Cunningham and her witnesses testified that Morgan grabbed her arm and caused injury, but Morgan and his witnesses testified that he never touched Cunningham. Nevertheless, Cunningham sustained scratches to her arm during the incident.
 {¶ 5} The magistrate also heard evidence of other instances in which Cunningham claimed that Morgan attempted to cause her injury or threatened her. Evidence was also presented that demonstrated the ongoing contentious relationship between Cunningham and Morgan. In determining that Cunningham had failed to meet her burden of proof, the magistrate denied the petition for a protection order. Cunningham timely objected. The trial court sustained her objections and issued a domestic violence protection order against Morgan.
 {¶ 6} Morgan appeals, raising three assignments of error, which will be addressed together and out of order where appropriate.[1]
 Transcript and De Novo Review {¶ 7} In his second assignment of error, Morgan claims that the trial court erred when it overruled the magistrate's decision without undertaking a de novo determination of the issues. Morgan further argues in his third assignment of error that he was denied a full evidentiary hearing on the objections to the magistrate's decision because Cunningham failed to file a complete transcript of the proceedings pursuant to Civ.R. 53(E)(3)(b). We find these arguments lack merit.
 {¶ 8} Civ.R. 53(E)(3) sets forth the procedure for filing objections to a magistrate's decision. Civ.R. 53(E)(3)(b) provides:
{¶ 9} "(b) Form of objections. Objections shall be specificand state with particularity the grounds of objection. * * * Anyobjection to a finding of fact shall be supported by a transcriptof all the evidence submitted to the magistrate relevant to thatfact or an affidavit of that evidence if a transcript is notavailable. A party shall not assign as error on appeal thecourt's adoption of any finding of fact or conclusion of lawunless the party has objected to that finding or conclusion underthis rule."
 {¶ 10} Although this rule clearly states that a transcript or affidavit of the evidence must support a party's objections to a magistrate's decision, the rule does not establish a deadline within which the objecting party must file such evidence. Shullv. Shull, 135 Ohio App.3d 708, 1999-Ohio-950, 735 N.E.2d 496;McLendon v. McLendon (Oct. 7, 1998), Muskingum App. No. CT98-0015; Motycka v. Motycka, Van Wert App. No. 15-99-12, 1999-Ohio-963.
 {¶ 11} Moreover, the Cuyahoga County Court of Common Pleas, Domestic Relations Division, has not adopted a local rule which provides a deadline to file a transcript or affidavit in such matters. Cunningham filed her objections on November 17, along with a partial transcript of the proceedings. On November 23, she filed the complete transcript of the proceedings and moved to perfect the record, which the court granted.
 {¶ 12} Without a local rule or the imposition of a deadline to file a transcript or affidavit, we cannot say it was an abuse of discretion to perfect the record with the filing of the complete transcript six days after Cunningham filed her objections.
 {¶ 13} In his second assignment of error, Morgan claims that the trial court did not conduct a de novo review of the issues presented in the objections because Cunningham did not file a complete transcript of the proceedings. Having previously found that a complete transcript was filed in this matter, we find no evidence indicating that the trial court failed to conduct an independent review of the objections to the magistrate's decision.[2] In overruling the magistrate's decision, the trial court stated in its judgment entry that it reviewed the exhibits, pleadings, and transcripts. Morgan has not pointed to any evidence to the contrary.
 {¶ 14} Therefore, we find that the trial court properly considered the complete transcript in its de novo review of the record. Accordingly, Morgan's second and third assignments of error are overruled.
 Sufficiency of the Evidence/Manifest Weight {¶ 15} In his first assignment of error, Morgan claims that the trial court erred in granting the civil protection order against him because it was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 16} On appellate review, to the extent that the trial court's determination rests upon findings of fact, those findings will not be overturned unless they are against the manifest weight of the evidence. C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. In reviewing a trial court's disposition of objections to a magistrate's report, an appellate court will not reverse the trial court's decision if it is supported by some competent, credible evidence. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 10 Ohio B. 408, 461 N.E.2d 1273.
 {¶ 17} The statutory criteria for determining whether to grant a civil protection order pursuant to R.C. 3113.31 is the existence or the threatened existence of domestic violence.Thomas v. Thomas (1988), 44 Ohio App.3d 6, 8, 540 N.E.2d 745. R.C. 3113.31(A) defines domestic violence as: "the occurrence of one or more of the following acts against a family or household member: (a) attempting to cause or recklessly causing bodily injury; (b) placing another person by threat of force in fear of imminent serious physical harm * * *."
 {¶ 18} "When granting a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or household members are in danger of domestic violence. 3113.31 (D)." Felton v. Felton,79 Ohio St.3d 34, 1997-Ohio-302, 679 N.E.2d 672, paragraph two of the syllabus.
 {¶ 19} Here, Cunningham testified that on at least three separate occasions, she was the victim of domestic violence from Morgan's actions, most recently on July 12, 2003. On that day, she testified that Morgan grabbed her from behind. While trying to free herself from Morgan's grip, she elbowed him in the stomach. During the brief struggle, Cunningham sustained scratches to her left arm.
 {¶ 20} Cunningham's testimony of the incident was corroborated by her guests at the preschool graduation. Additionally, Officer David Muniz, the officer who took the domestic violence report, testified that Cunningham had welts on her upper forearm. Photographs introduced at the hearing also revealed numerous welt-like scratches on Cunningham's arm. Morgan testified that he reached around Cunningham toward his daughter, but denied grabbing Cunningham.
 {¶ 21} In following the Ohio Supreme Court's reasoning inFelton, this court has held that:
{¶ 22} "R.C. 3113.31 establishes jurisdiction and hearingguidelines for domestic relations hearings; however, it does notdelineate the type of evidence to be considered by a trial courtduring those hearings. Specifically, it does not require anycorroboration of the victim's own testimony." Terrell v.Terrell, Cuyahoga App. No. 80603, 2003-Ohio-150, citingFelton, supra, and R.C. 3113.31.
 {¶ 23} Moreover, Morgan has failed to demonstrate how the trial court abused its discretion in overruling the magistrate's decision. The core of Morgan's argument is that the trial court did not have the complete transcript, and, therefore, it should have conducted a full evidentiary hearing. Based on our previous findings, this argument lacks merit because Cunningham filed a complete transcript of the proceedings.
 {¶ 24} Therefore, we find that Cunningham's testimony constitutes sufficient evidence to support the trial court's finding of domestic violence and that the finding is not against the manifest weight of the evidence. In the instant case, the evidence includes photographs of Cunningham's injury and the testimony of eyewitnesses and a police officer, which is substantially more than the Felton court had to consider.
 {¶ 25} Accordingly, Morgan's first assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Sweeney, J. Concur.
[1] We note that pursuant to R.C. 3113.31(G), a domestic violence full hearing civil protection order is a final appealable order.
[2] We note that this court has previously held that a de novo review of the magistrate's decision is no longer required under Civ.R. 53. Schwartz v. Osiatynski (Dec. 18, 1997), Cuyahoga App. No. 71968, citing Staff Note: 7-1-95 Amendment, Rule 53(E). More recently, however, this court has found that the trial court must make its own de novo determination by undertaking an independent analysis of the issues. In re Tutt (Aug. 31, 2000), Cuyahoga App. No. 77028; Burkes v. Burkes (Mar. 23, 2000), Cuyahoga App. No. 75518; AAA Pipecleaning Corp. v. Arrow UniformRental (July 22, 1999), Cuyahoga App. No. 74215. We find these cases controlling.