[Cite as *W.E. v. C.E.*, 2019-Ohio-4818.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| W.E., | : | Case No. 19CA3884 |
| Petitioner-Appellant, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| C.E., | : | |
| Respondent-Appellee. | : | **RELEASED 11/18/2019** |

_____
<u>APPEARANCES</u>:

W.E., Youngstown, Ohio, pro se.

C.E., Portsmouth, Ohio, pro se.
_____
Hess, J.

{¶1}  W.E. appeals from a judgment of the Scioto County Court of Common Pleas denying his R.C. 2903.214 petition for a civil stalking protection order.  W.E. asserts that the trial court lacked jurisdiction to consider his petition.  R.C. 2903.214(A)(1) and (B) grant the common pleas court of the county in which the person to be protected by the protection order resides jurisdiction over all proceedings under the statute.  W.E. resided in Mahoning County when he sought the protection order in Scioto County.  Thus, the trial court lacked jurisdiction over this matter, the judgment entry denying the petition is void, and we vacate it.  This decision renders moot W.E.'s contention that the trial court violated his due process rights by not allowing him to participate in the hearing on the petition.

## I.  FACTS

{¶2}   On May 10, 2019, W.E. filed a petition for a civil stalking protection order against C.E. pursuant to R.C. 2903.214.  On the petition, W.E. listed his address as the Northeast Ohio Correctional Center in Youngstown, Ohio.  The trial court conducted a hearing at which C.E. was present but W.E. was not.   On June 20, 2019, the trial court issued a judgment entry stating:

> This matter came before the Court for hearing on a Petition for a Civil Stalking Protection Order filed May 10, 2019.  The Court finds the Petitioner [W.E.] is currently incarcerated at the Northeast Ohio Correctional Center.  The Respondent [C.E.] was present for the hearing. From the evidence, this Court finds that [C.E.] was notified of [W.E.'s] parole hearing and status by the Ohio Adult Parole Authority.  [C.E.] explained she talked with the representatives of the Parole Authority and at their suggestion [C.E.] asked for a cease and desist order.  This Court finds [C.E.'s] discussions with the representatives of the Ohio Adult Parole Authority were in an official proceeding.  This Court further finds the Petitioner has sent correspondence to other people with threatening comments to [C.E.].
>
> This Court finds the Petition for Civil Stalking Protection Order is not well-taken and is overruled.

## II.  ASSIGNMENTS OF ERROR

{¶3}   W.E. assigns the following errors for our review:

ERROR ONE:   TRIAL COURT ERRED IN PROCEEDING TO JUDGMENT AS IT HAD "NO JURISDICTION", AND THE JUDGMENT MUST BE VACATED AND HELD FOR NAUGHT.

ERROR TWO:  TRIAL COURT VIOLATED DUE PROCESS IN FAILING TO PERMIT PETITIONER TO PARTAKE IN THE HEARING IN ANY FASHION, AND IN ACCEPTING EX PARTE EVIDENCE BY RESPONDENT WITHOUT PETITIONER BEING ABLE TO REFUTE IT, AMOUNTING TO A VOID JUDGMENT.

### III.  JURISDICTION

**{¶4}**   In the first assignment of error, W.E. asserts that the trial court lacked jurisdiction to consider his petition because he resides in Mahoning County, not Scioto County.  C.E. asserts that she "does not know how to respond to a stalking allegation against her in Scioto County, Ohio, when W.E. has not been in Scioto County since he was incarcerated over a decade ago."

**{¶5}**   " ' "The existence of the trial court's subject-matter jurisdiction is a question of law that we review de novo." ' "  *Martindale v. Martindale*, 4th Dist. Athens No. 14CA30, 2016-Ohio-524, ¶ 27, quoting *Barber v. Williamson,* 4th Dist. Ross No. 11CA3265, 2012-Ohio-4925, ¶ 12, quoting *Yazdani-Isfehani v. Yazdani-Isfehani,* 170 Ohio App.3d 1, 2006-Ohio-7105, 865 N.E.2d 924, ¶ 20 (4th Dist.).

**{¶6}**   R.C.  2903.214  governs  protection  orders  for victims of menacing by stalking.  R.C. 2903.214(B) states:  "The court has jurisdiction over all proceedings under this section."  R.C. 2903.214(A)(1) defines "court" to mean "the court of common pleas of the county in which the person to be protected by the protection order resides." "When a petitioner seeks a civil protection order from a common pleas court in a county in which he does not reside, the court lacks subject matter jurisdiction over the case." *Vilk v. Dinardo*, 8th Dist. Cuyahoga No. 103755, 2016-Ohio-5245, ¶ 12 (Cuyahoga County Court of Common Pleas lacked jurisdiction over R.C. 2903.214 proceeding because petitioner resided in Geauga County).  *See also Reynolds v. Whitney,* 10th Dist. Franklin No. 03AP-1048, 2004-Ohio-1628, ¶ 1, 4-8 (Franklin County Court of Common Pleas lacked jurisdiction over R.C. 2903.214 proceeding because petitioner

resided in Fairfield County). "A judgment rendered by a court lacking subject-matter jurisdiction is void." *In re A.B.*, 4th Dist. Athens No. 18CA13, 2019-Ohio-90, ¶ 8.

{¶7}    The record reflects that when W.E. sought the protection order in Scioto County, he resided in Youngstown, Ohio. We take judicial notice of the fact that Youngstown is located in Mahoning County. *See Vilk v. Bridge*, 8th Dist. Cuyahoga No. 103753, 2016-Ohio-4706, ¶ 1 (taking judicial notice that address on petition for civil protection order was located in a particular county). As a result, the Scioto County Court of Common Pleas was not "the court of common pleas of the county in which the person to be protected by the protection order resides." R.C. 2903.214(A)(1). The trial court lacked subject matter jurisdiction over the petition, and the judgment denying the petition is void. We sustain the first assignment of error and vacate the June 20, 2019 judgment entry denying the petition. This decision renders moot the second assignment of error, so we do not consider it. *See* App.R. 12(A)(1)(c).

JUDGMENT VACATED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS VACATED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & McFarland, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
      Michael D. Hess, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**