[Cite as *Hernandez v. Hamdy*, 2024-Ohio-4754.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

SARA HERNANDEZ,

        Petitioner-Appellant,

    - vs -

SHERIEF HAMDY,

        Respondent-Appellee.

**CASE NOS. 2024-G-0015**
          **2024-G-0016**

Civil Appeals from the
Court of Common Pleas

Trial Court Nos. 2022 DV 000350
           2020 DV 000490

**O P I N I O N**

Decided: September 30, 2024
Judgment: Reversed and remanded

*Larry W. Zukerman* and *Brian A. Murray*, Zukerman, Lear and Murray Co., LPA, 3912 Prospect Avenue East, Cleveland, OH 44115, and *Steven L. August*, 3201 Enterprise Parkway, Suite 130, Beachwood, OH 44122 (For Petitioner-Appellant).

*Adam J. Thurman*, Thurman and Associates, LLC, 4212 West Streetsboro Road, Down, Richfield, OH 44286 (For Respondent-Appellee).

MATT LYNCH, J.

{¶1}    Petitioner-appellant, Sara Hernandez, appeals from the judgment of the Geauga County Court of Common Pleas, vacating the court's prior ex parte orders of protection as being issued without subject matter jurisdiction. For the following reasons, we reverse the decision of the lower court and remand for further proceedings consistent with this opinion.

{¶2}    On August 10, 2020, in Geauga County Court of Common Pleas Case No. 2020 DV 000490, Hernandez filed a Petition for Domestic Violence Civil Protection Order

against respondent, Sherief Hamdy, her ex-husband. She requested protection for herself, her children, and her husband, alleging that Hamdy had a history of aggressive and threatening behavior toward her and her children. It indicated that the two had a domestic relations case in the Geauga County Court of Common Pleas with post-decree motions pending. An ex parte protection order was granted on that date. The court issued an Amended and Extended Ex Parte Protection Order on July 14, 2022, extending the order through August 10, 2023, and a Further Amended order issued on July 19 extended it through August, 10, 2024.

{¶3} Following a status conference, a Magistrate's Order was issued on September 28, 2023, ordering the parties to brief whether the court was permitted to extend an ex parte order beyond one year as well as any other issues they believe should be brought to the court's attention.

{¶4} The magistrate issued a November 8, 2023 Decision finding that Hamdy did not live in Geauga County and Hernandez had not lived there since June 2018. It found that jurisdiction for domestic violence protection orders is limited to the county where the protected person resides and the ex parte order must be vacated due to lack of jurisdiction. Hernandez filed a November 22, 2023 Objection to the Magistrate's Decision, arguing that there is no statutory jurisdictional requirement to file in a specific county and the court also had jurisdiction since the parties were engaged in post-decree custody litigation in the Geauga County Court of Common Pleas.

{¶5} On February 9, 2024, the trial court denied the objections. It found: "When a common pleas court has a domestic relations division, that Court and division has jurisdiction over a DVCPO filed by a resident of that county." It further concluded that the

2

statute "gave subject matter jurisdiction only to common pleas and juvenile courts in the county where the petitioner resides," citing R.C. 3113.31(A)(2) and (B). It found the ex parte protection order and any subsequent orders were void.

{¶6} In Case No. 2022 DV 000350, on June 16, 2022, Hernandez filed a separate Petition for Domestic Violence Civil Protection Order in the Geauga County Court of Common Pleas against Hamdy, which requested protection for herself, her children, her husband, and her former stepchildren. It included allegations of verbal, physical, and sexual abuse. On the same date, an ex parte protection order was issued, which was extended on June 22, 2023.

{¶7} A similar magistrate's decision, objections, and judgment of the court were issued in this matter that were filed in Case No. 2020 DV 000490 as to the issue of subject matter jurisdiction. The court vacated the ex parte protection order and related orders.

{¶8} On appeal, Hernandez raises the following assignments of error:

{¶9} "[1.] The trial court erred in determining that it lacked subject matter jurisdiction over the Appellant's petitions for domestic violence civil protection orders on the basis that she was not a resident of Geauga County at the time she filed her petitions with the Geauga County Court of Common Pleas.

{¶10} "[2.] The trial court erred in determining that it lacked subject matter jurisdiction over the Petitioner's petitions for domestic violence civil protection orders when the parties were involved in ongoing post-decree child custody litigation that was pending before the trial court at the time she filed both of her petitions for domestic violence civil protection orders."

{¶11} In her first assignment of error, Hernandez argues that the trial court erred

3

in determining it did not have subject matter jurisdiction over the petition because R.C. 3113.31 does not contain a requirement to file such petition in the county where the protected person resides.

{¶12} "'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits' and 'defines the competency of a court to render a valid judgment in a particular action.'" (Citation omitted.) *Smith v. Ohio State Univ.*, 2024-Ohio-764, ¶ 18. "When a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction." *Ostanek v. Ostanek*, 2021-Ohio-2319, ¶ 2; *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19 ("[s]ubject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases"). "Subject-matter jurisdiction may never be waived and may be challenged at any time." *Smith* at ¶ 18. "If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." *Kuchta* at ¶ 19. "[A] determination as to whether the trial court has subject matter jurisdiction is . . . reviewed de novo." *Dilley v. Dilley*, 2017-Ohio-8439, ¶ 15 (11th Dist.).

{¶13} In general, common pleas courts have "original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Const., art. IV, § 4(B). A common pleas court's "subject-matter jurisdiction . . . extends to 'all matters at law and in equity that are not denied to it.'" *Kuchta* at ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-59 (1891).

{¶14} The Ohio Supreme Court has held that "domestic-violence civil protection

4

Case Nos. 2024-G-0015 and 2024-G-0016

orders are creatures of statute," and that R.C. 3113.31 "establishes a comprehensive statutory scheme for issuing, modifying, and terminating domestic-violence protection orders." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 13. "R.C. 3113.31 establishes jurisdiction and hearing guidelines" for domestic violence protection orders. (Citation omitted.) *Cunningham v. Morgan*, 2004-Ohio-6007, ¶ 22 (8th Dist.).

{¶15} Pursuant to R.C. 3113.31(C)(1)-(4), "[a] person may seek relief under [R.C. 3113.31] . . . by filing a petition with the court" which contains or states "[a]n allegation that the respondent engaged in domestic violence against a family or household member of the respondent or against a person with whom the respondent is or was in a dating relationship," the relationship of the respondent to petitioner, facts relating to the dating relationship if relevant, and a request for relief under R.C. 3113.31. The language in R.C. 3113.31(A)(2) defines the court in which to file such petition:

> "Court" means the domestic relations division of the court of common pleas in counties that have a domestic relations division and the court of common pleas in counties that do not have a domestic relations division, or the juvenile division of the court of common pleas of the county in which the person to be protected by a protection order issued or a consent agreement approved under this section resides if the respondent is less than eighteen years of age.

{¶16} There is no question that Geauga does not have a domestic relations division and the court of common pleas would be the appropriate type of court in which to file. The issue in the present matter is whether Geauga County is the correct county in which to file the petition. The second portion of the foregoing language requires that the petition be filed in "the juvenile division of the court of common pleas *of the county in which the person to be protected* by a protection order issued . . . under this section resides if the respondent is less than eighteen years of age." This portion contains a

5

Case Nos. 2024-G-0015 and 2024-G-0016

requirement regarding the county where the matter must be filed but applies only if the respondent is less than 18. The provision regarding the residence of the protected person is sandwiched between two phrases relating to the juvenile court and respondent's age and is not included in relation to the first portion of the statute involving non-juvenile respondents. The statutory language does not specify a requirement to file in a specific county in the case of an adult respondent. Establishing a provision to be included in a statute "is a matter for the Ohio General Assembly, not for this court." *Cyran* at ¶ 13, citing *Morris Plan Bank of Cleveland v. Viona*, 122 Ohio St. 28, 32, (1930) ("statutes should be amended by legislative enactment, not by judicial construction").

{¶17} The trial court concluded that R.C. 3113.31 "gave subject matter jurisdiction only to common pleas and juvenile courts in the county where the petitioner resides" citing R.C. 3113.31(A)(2) and (B). However, this conclusion does not address the foregoing or explain where the language requires that the matter be filed in the common pleas court where the petitioner resides in the case of a non-juvenile respondent.

{¶18} We recognize that R.C. 2903.214, a statute governing the filing of stalking or sexually oriented offenses protection orders, allows the petitioner to file a petition for a protection order with "the court," which it defines as "the court of common pleas of the county in which the person to be protected by the protection order resides." R.C. 2903.214(A)(1). Courts have found that a party seeking a CPO under R.C. 2903.214 must file in the county where he or she resides and failure to do so deprives the trial court of subject matter jurisdiction. *Ellis v. Skinner*, 2022-Ohio-4793, ¶ 35 (11th Dist.); *W.E. v. C.E.*, 2019-Ohio-4818, ¶ 6 (4th Dist.).

{¶19} This statute shares similarities to R.C. 3113.31, which has been used as

6

Case Nos. 2024-G-0015 and 2024-G-0016

"guidance" when determining the applicable burden of proof where R.C. 2903.214 was silent on the issue. *Denney v. Sanders*, 2016-Ohio-5113, ¶ 17-19 (1st Dist.). However, R.C. 2903.214 does not dictate the requirements for filing a protection order under R.C. 3113.31. Each statute contains its own definition of "court" for the purposes of establishing jurisdiction. As noted above, R.C. 3113.31 "establishes a comprehensive statutory scheme for issuing, modifying, and terminating domestic-violence protection orders" and establishes jurisdiction relating to domestic violence protection orders. *Cyran*, 2018-Ohio-24, at ¶ 13; *Cunningham*, 2004-Ohio-6007, at ¶ 22 (8th Dist.). *See also State v. Hart*, 2024-Ohio-2037, ¶ 8, fn. 1 (11th Dist.) (noting that the appellant "relies on" R.C. 3113.31 which "pertains to domestic violence civil protection orders" rather than R.C. 2903.214, which relates to civil stalking protection orders). We must apply R.C. 3113.31 to determine the appropriate court in which to file a domestic violence protection order petition.

{¶20} We recognize that, in *Adamski v. Adamski*, 2022-Ohio-32 (6th Dist.), although addressing a matter for a DVCPO under R.C. 3113.31, the court cited R.C. 2903.214 for the proposition that a court lacks jurisdiction when a petitioner seeks a protection order from a common pleas court in a county in which she does not reside. *Id.* at ¶ 21. The court, however, did not provide any analysis as to why this provision would apply to domestic violence protection orders, which are governed by R.C. 3113.31 rather than R.C. 2903.214. Further, any analysis as to this issue was dicta as it was not required to resolve the jurisdictional issue, since the petitioner resided in the county where the petition was filed.

{¶21} The trial court observed that R.C. 3113.31(B) allows for continuation of

7

jurisdiction when a petitioner leaves the residence or household to avoid further domestic violence and concluded that such language would be superfluous if a petitioner could file in any county. The pertinent language states: "The court has jurisdiction over all proceedings under this section. The petitioner's right to relief under this section is not affected by the petitioner's leaving the residence or household to avoid further domestic violence." R.C. 3113.31(B). This provision does not alter the language of R.C. 3113.31(A)(2). It appears this section indicates that, although domestic violence includes the occurrence of specified acts "against a family or household member," a protection order can still be obtained even if the party seeking protection is no longer a family or household member of the respondent. *See Lewis v. Gravely*, 2016-Ohio-1502, ¶ 30 (4th Dist.) (observing that the imminent requirement of a threat of force needed to grant a protection order does not require the offender to be in the process of carrying out a threat of force at the time the court considers the petition, citing R.C. 3113.31(B)). Thus, it does not change the analysis as to the issue of jurisdiction.

{¶22} The trial court also questioned the justification for the inclusion of a residency requirement applying only to juvenile respondents. We initially observe that former versions of the statute, prior to 2010, did not include the section involving a reference to juvenile respondents but stated only: "'Court' means the domestic relations division of the court of common pleas in counties that have a domestic relations division, and the court of common pleas in counties that do not have a domestic relations division." It did not include a statement relating to residence, making it appear the legislature did intend for the residency requirement to apply only to juveniles. Nonetheless, "inquiry into legislative intent . . . is inappropriate absent an initial finding that the language of the

8

statute is, itself" ambiguous. *Dunbar v. State*, 2013-Ohio-2163, ¶ 16; *Jones v. Action Coupling & Equip., Inc.*, 2003-Ohio-1099, ¶ 12 ("[w]hen the statutory language is plain and unambiguous . . . we must rely on what the General Assembly has said").

**{¶23}** There is an exception to the requirement that a statute be interpreted according to its plain meaning where such application would lead to an "absurd result." It has been held that "when the General Assembly enacts a statute, it does not intend to produce an absurd result." *State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 2017-Ohio-8714, ¶ 22. While it may be the case that allowing filing in a county other than the one where the petitioner resides creates some logistical concerns and is not consistent with the requirements set forth in other protection order statutes like R.C. 2903.214, we decline to determine that this rises to the level of an absurd result. We are mindful that "all courts should exercise restraint in the application of the absurd-result exception, employing it in only those cases in which the plain language of a statute results in an obviously unintended result." *Id.* at ¶ 26. We also note that here, the petition was filed in a county close to where the parties reside, where Hernandez previously resided, where the parties had ongoing custody proceedings relating to their child, and Hamdy apparently had no objection to proceeding in that court given that he did not dispute jurisdiction or venue.

**{¶24}** Finally, we observe that Civ.R. 3(C) provides the proper venue for commencing an action, which includes, "[i]n actions for a civil protection order . . . the county in which the petitioner currently or temporarily resides." Civ.R. 3(C)(10). While improper venue may be an appropriate defense in the present matter given that neither party resides in Geauga County, it was not raised here. Generally, issues of venue are

9

Case Nos. 2024-G-0015 and 2024-G-0016

waived if not raised by the defendant. *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, ¶ 8; *Harris v. Rossi*, 2018-Ohio-4573, ¶ 90 (11th Dist.). The record does not demonstrate that Hamdy disputed venue and the trial court vacated its ex parte order not on the grounds of venue but for a lack of jurisdiction. "Improper venue does not deprive a court of jurisdiction to hear an action" and "a judgment is not subject to collateral attack 'solely on the ground that there was improper venue.'" (Citation omitted.) *Ellison v. K 2 Motors, L.L.C.*, 2023-Ohio-1871, ¶ 31-33 (10th Dist.) ("K 2's argument is not that the trial court lacked subject-matter jurisdiction, but that the matter should have been adjudicated in Summit County, where the vehicle sale occurred. That is actually an argument about venue.").

**{¶25}** Since we disagree with the trial court's determination that R.C. 3113.31(A)(2) requires the petitioner seeking a domestic violence protection order file in their county of residence, we find that the trial court did not lack jurisdiction to issue its ex parte orders and reverse this judgment.

**{¶26}** The first assignment of error is with merit.

**{¶27}** In her second assignment of error, Hernandez argues that the court erred in finding it did not have jurisdiction over the case given that the parties were "actively engaged in post-decree custody litigation involving their minor child in the Geauga County Court of Common Pleas."

**{¶28}** R.C. 3113.31(E)(1)(d) provides that, "[w]ith respect to a petition involving family or household members," the court's order may "temporarily allocate parental rights and responsibilities for the care of, or establish temporary parenting time rights with regard to, minor children, if no other court has determined, or is determining, the allocation

10

of parental rights and responsibilities for the minor children or parenting time rights."

{¶29} In applying this provision, courts have come to somewhat different conclusions. *Compare J.L.D. v. A.S.D.*, 2019-Ohio-4106, ¶ 28 (7th Dist.) ("the trial court properly dismissed appellant's petition [for a domestic violence protection order] in Columbiana County pursuant to the plain language delineated in R.C. 3113.31(E)(1)(d)" since "[t]he trial court could not properly exercise jurisdiction over the matter given pending post-divorce custody proceedings on the same children simultaneously pending in Mahoning County") *with Stella v. Platz,* 1999 WL 427672, *3 (4th Dist. June 17, 1999) (vacating a CPO only "to the extent" that it attempted to alter parental rights already determined in another court since this "exceeded the bounds of its jurisdiction").

{¶30} Given our disposition of the first assignment of error, we decline to determine whether this portion of the statute requires that a domestic violence petition be filed only in the court where the parties have litigated a custody matter. Since we find that the trial court erred in vacating its order due to lack of subject matter jurisdiction, we need not find an alternate ground providing jurisdiction.

{¶31} The second assignment of error is moot.

{¶32} For the foregoing reasons, the judgments of the Geauga County Court of Common Pleas are reversed and these matters are remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.


EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.

11

Case Nos. 2024-G-0015 and 2024-G-0016